IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00189DAE-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH IMAI,        (01) | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION |
| Defendant. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF MOTION

The government enjoys the privilege of declining to reveal the identity of its confidential informants, but "where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." United States v. Ramirez-Rangel, 103 F.3d 1501 (9th Cir. 1997)(quoting Roviaro v. United States, 353 U.S. 53 (1957)).  To obtain disclosure of an informant's identity, a defendant must show a need for the information, and in doing so, must show more than a "mere suspicion" that the informant has information which will prove "relevant and helpful" to his defense, or that will be essential to a fair trial.  United States v. Henderson, 241 F.3d 638 (9th Cir. 2000).

Basically, disclosure is required if the court finds "it is reasonably probable that the informer can give relevant testimony" material to the defense. United States v. McManus, 560 F.2d 747, 751 (6th Cir. 1977), cert. denied, 434 U.S. 1047 (1978).  Where a defendant cannot show with "reasonable probability" that the informant was an active participant in the criminal matter under review, but only a mere tipster, the government is not required to

disclose the identity of the informant. United States v. Lewis, 671 F.2d 1025, 1027 (7th Cir. 1982); United State v. Suarez, 582 F.2d 1007, 1011 (5th Cir. 1978). Similarly, disclosure is not required where the informant played only a small or passive role in the offense charged, had no firsthand information, or where his potential disclosures are already known to the defendant. United States v. Moreno, 588 F.2d 490 (5th Cir. 1978), cert. denied, 441 U.S. 936 (1979). When disclosure is mandated by the court, however, the government must exercise due diligence in supplying the informant's name and available information about his whereabouts, and reasonably cooperate in securing the informant's appearance at trial. United States v. Montgomery, 998 F.2d 1468 (9th Cir. 1993).

In the instant case, confidential sources ("CS") provided information and gave various statements to law enforcement concerning Defendant Imai. According to the Sealed Affidavit in Support of Application for Order Authorizing Interception of Wire Communications, filed on November 15, 2004 under Misc. No. 04-00267SOM/KSC, these confidential sources did not simply have minimal roles in criminal activity allegedly involving Defendant Imai. Some of these individuals took a proactive role with the government in drug-related investigations by allegedly making controlled drug purchases from Defendant Imai. However, since these sources are not identified, there is no way for Defendant to challenge these allegations, and ascertain whether any of these sources held a grudge against Defendant Imai, and/or would benefit from their cooperation with the Government.

These sources played a pivotal role in the Government seeking wiretaps/telephone interceptions on Defendant Imai, which led to the instant indictment. According to the affidavit, the confidential sources stated as follows:

a.    According to CS2, Defendant Imai supplied CS2 with ice. CS2 has been to Imai's home where CS2 has seen Imai with pounds of ice. CS2 advised that Imai has a business in Hilo, Hawaii called Power Train. CS2 was arrested in 2003 for distributing ice. For at least seven (7) months before CS2 was arrested, CS2 stated that he/she was picking up a minimum of three (3) ounces of ice from Imai on a daily basis.

b.    According to this affidavit, CS5 purchased 2.1 grams of ice from Defendant Imai at Power Train of Hilo.

c.    According to this affidavit, CS7 stated to law enforcement that he/she purchased drugs from Defendant Imai.

d.    CS9 stated that she turned to Defendant Imai for ice after her previous source was arrested. According to CS9, Defendant Imai sold ice by the pound and hesitated to supply only eight (8) ounces of ice to CS9.

Counsel is requesting the identities of these sources be disclosed to the defense[1].

Additionally, Defendant is requesting the Government to disclose whether or not any of these individuals will be testifying on behalf of the Government at trial. Since many of these confidential sources have already been arrested, Defendant is further seeking copies of any and all plea agreements between the Government and any of these confidential sources. The identities of these confidential sources and whether or not they entered into any plea agreements with the Government are essential to Defendant Imai's right to a fair trial. Furthermore, without the identities of these confidential sources, Defendant is unable to challenge their statements and the probable cause for the Application for Order Authorizing Interception of Wire Communications, filed on November 15, 2004.

Based on the foregoing, Defendant Imai respectfully requests the Court grant the instant motion, and order the Government to provide the identities of the confidential

---

[1]Defendant Imai also requested the identities of any informants in his Written Request for Discovery under paragraph 3(x), filed on May 26, 2005.

sources, as well as any plea agreements made with these sources.

Dated:          Honolulu, Hawaii _____3/8_____, 2006.

_____
MYLES S. BREINER

Attorney for Defendant
KEITH IMAI