IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00189DAE-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH IMAI,           (01) | ) | DECLARATION OF COUNSEL |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF COUNSEL

I, MYLES S. BREINER, declare as follows:

1. I am the attorney of record for Defendant Keith Imai in the above-captioned matter.

2. In Defendant's Written Request for Discovery, Defendant Imai requested, inter alia, "The identity of any informant(s) involved in this matter including, but not limited to, the name, current address and current telephone number of the informant(s). The government is also requested to indicate whether the informant(s) will be called as a witness at the trial. If the informant(s) are to be called as a witness at trial, the government is also requested to produce the substance of any oral or written statement(s) made by the informant(s)".

3. Counsel has reviewed the discovery provided by the Government. According to the Sealed Affidavit in Support of Application for Order Authorizing Interception of Wire Communications, filed on November 15, 2004 under Misc. No. 04-00267SOM/KSC, the confidential sources ("CS") were not mere tipsters. Rather, they provided the Government

with information which was necessary to obtain the telephone interceptions/wiretaps allegedly of Defendant Imai.

    4.    According to the affidavit, these sources provided the following information:

    a.    According to CS2, Defendant Imai supplied CS2 with ice. CS2 has been to Imai's home where CS2 has seen Imai with pounds of ice. CS2 advised that Imai has a business in Hilo, Hawaii called Power Train. CS2 was arrested in 2003 for distributing ice. For at least seven (7) months before CS2 was arrested, CS2 stated that he/she was picking up a minimum of three (3) ounces of ice from Imai on a daily basis.

    b.    According to this affidavit, CS5 purchased 2.1 grams of ice from Defendant Imai at Power Train of Hilo.

    c.    According to this affidavit, CS7 stated to law enforcement that he/she purchased drugs from Defendant Imai.

    d.    CS9 stated that she turned to Defendant Imai for ice after her previous source was arrested. According to CS9, Defendant Imai sold ice by the pound and hesitated to supply only eight (8) ounces of ice to CS9.

    5.    Without the identities of these confidential sources, Defendant is unable to challenge their statements and the probable cause for the Application for Order Authorizing Interception of Wire Communications, filed on November 15, 2004.

    6.    Additionally, the identities of these confidential sources and whether or not they entered into any plea agreements with the Government are essential to Defendant Imai's right to a fair trial.

    7.    Based on the foregoing, Defendant respectfully requests the Court grant the instant motion, and order the disclosure of the identities of these confidential sources, as

well as any and all plea agreements entered into with the Government.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on _____3/8_____, 2006.

_____
MYLES S. BREINER