EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE NAKAKUNI    #2286
Chief, Narcotics Section

CHRIS A. THOMAS      #3514
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail: Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00189-01 DAE |
| ) | |
| Plaintiff, ) | GOVERNMENT'S MEMORANDUM |
| ) | IN OPPOSITION TO DEFENDANT'S |
| vs. ) | MOTION TO COMPEL IDENTITY OF |
| ) | CONFIDENTIAL SOURCES; |
| KEITH IMAI,       (01)   ) | CERTIFICATE OF SERVICE |
| ) | |
| Defendant. ) | |
| ) | Date:  March 31, 2006 |
| ) | Time:  10:00 a.m. |
| ) | Judge: Honorable Barry M. |
| ) |        Kurren |
| _____) | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO COMPEL IDENTITY OF CONFIDENTIAL INFORMANTS</u>

The United States of America, by and through its undersigned counsel (hereinafter referred to as the "Government"), hereby submits the government's opposition to

Defendant's Motion to Compel Identity of Confidential Informants (hereinafter "Defendant's Motion).

## I. INTRODUCTION

An indictment was returned against Defendant and others by the Grand Jury on May 12, 2005. Trial is scheduled in this case for July 5, 2006.

The Defendant is requesting the identity of confidential informants that were set forth in an Affidavit in Support of an Application for and Order Authorizing Interception of Wire Communications, filed on November 15, 2004.

The confidential informants that were set forth in the above referenced affidavit were part of a section entitled, "Background Information". The purpose of the Affidavit, and the information contained therein, was to reach the threshold determination of probable cause as a basis to acquire an order authorizing interception of wire communications pursuant to Title 18 U.S.C. Section 2518. The confidential informants that were listed in the Affidavit and identified by the Defendant were not witnesses that the government intended to testify at the trial of the Defendant.

## II. ANALYSIS

In <u>Roviaro v. United States</u>, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court recognized that an informant's confidentiality serves important law enforcement

2

objectives.  Determining whether to reveal the identity of a confidential informant requires balancing the public interest in protecting the flow of information against the individual's right to prepare his defense.  Disclosure of the identity of a government informant is required only where it would be helpful to the defense or essential to a fair determination of the cause.  Id. at 62, 77 S.Ct. 628-629.

The burden is on the defendant to demonstrate the need for disclosure.  United States v. Fixen, 780 F.2d 1434, 1439 (9th Cir. 1986).  The mere suspicion that information will prove helpful is insufficient to require disclosure.  United States v. Buffington, 815 F.2d 1292, 1299 (9th Cir. 1987).  The defendant must show that he has more than a mere suspicion that the informant has information that will prove relevant and helpful or will be essential to a fair trial.  United States v. Williams, 898 F.2d 1400, 1402 ( 9th Cir. 1990).

Where a defendant cannot show with reasonable probability that the informant was an active participant in the criminal matter under review, but only a "mere tipster", the government is not required to disclose the identity of the informant.  United States v. Lewis, 671 F.2d 1025, 1027 (7th Cir. 1982), See also, United States v. Gil, 58 F.3d 1414, 1421 (9th Cir. 1995).

It is also well settled that a trial court need not require federal agents to disclose the identity of a reliable informant where the sole ground for seeking that information is to establish the existence of probable cause for arrest. <u>United States v. Mehicz</u>, 437 F.2d 145, 149 (9th Cir. 1971), <u>cert. denied</u>, 401 U.S. 974, 91 S.Ct. 1663, 29 L.Ed.2d 139 (1971). <u>See also</u>, <u>United States v. Marshall</u>, 526 F.2d 1349, 1359 (9th Cir. 1975)(no right to disclosure of informant who provided only information which, combined with other facts, gave the officers probable cause to arrest).

In this case, the Defendant has not met his burden of a 'minimal threshold showing' that disclosure of the confidential informant would be relevant to at least one defense or essential to a fair determination of the cause in his case. The confidential informants set forth in the Affidavit in Support of an Application for an Order for Interception (hereinafter "Affidavit"), were not mentioned in this case as percipient witnessed to any event in which the Defendant was charged. Therefore, their involvement at this point is not "essential" since they will not be testifying at trial. To the contrary, the confidential informants in this case were mentioned to reach the threshold determination of probable cause as a basis to acquire an order authorizing interception of wire communications pursuant to Title 18 U.S.C. Section 2518.

Consequently, the disclosure of the confidential informants' identity is not required because it is not relevant or helpful to any defense that the Defendant has proffered in this case. Roviaro, supra, at 60-61.

III. **CONCLUSION**

Based on the above, the United States respectfully requests that the Court not compel the identity of the informants in this case.

DATED: March 30, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Chris A. Thomas
   CHRIS A. THOMAS
   Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the date and by the method of service noted below, the true and correct copy of the foregoing was served on the following at his last known address:

Served electronically through CM/ECF:

Myles S. Breiner, Esq.                    March 30, 2006
mbreiner@hawaii.rr.com

Attorney for Defendant
KEITH IMAI

DATED:  Honolulu, Hawaii: March 30, 2006.


                                    /s/ Janice Tsumoto