EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Chief, Narcotics Section

CHRIS A. THOMAS       #3514
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:     Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-0000189-01 DAE |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| VS. | ) | MOTION TO FOR DISCLOSURE OF |
| | ) | GRAND JURY TRANSCRIPTS; |
| KEITH IMAI,  (01) | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | Date:  March 31, 2006 |
| | ) | Time:  10:00 a.m. |
| | ) | Judge: Honorable Barry M. |
| _____ | ) |        Kurren |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS**

I.  **INTRODUCTION**

   The United States of America, by and through its undersigned counsel (hereinafter referred to as the "government"), hereby opposes Defendant's Motion for Disclosure of Grand Jury Transcripts (hereinafter "Defendant's motion"). As

outlined within, Defendant's motion falls well short of showing the "particularized need" for the disclosure of grand jury material. Therefore, Defendant's motion should be denied in all respects.

## II. ARGUMENT

### A. Disclosure of Gand Jury Material Requires a Particularized Need

Federal Courts recognize "a long-established policy that maintains the secrecy of grand jury" proceedings. United States v. Proctor & Gamble Co., 356 U.S. 677, 681 (1958); see Fed.R.Crim.P. 6(e)(2). As stated by the Supreme Court, "the proper functioning of the grand jury system depends upon the secrecy of grand jury proceedings." Douglas Oil v. Petrol Stops Northwest, 441 U.S. 211 (1979). Thus, a defendant seeking disclosure of grand jury material must present the court with evidence of a "particularized need." Illinois v. Abbott & Assoc., Inc., 460 U.S. 557, 567 (1983), citing, Douglas Oil v. Petrol Stops Northwest, 441 U.S. 211 (1979). The disclosure of grand jury transcripts may be ordered "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Fed.R.Crim.P. 6(e)(3)(E)(ii). However, in order to obtain copies of grand jury transcripts, a party must demonstrate that a particularized need exists that outweighs the policy of grand jury secrecy. United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985) (citing

United States v. Proctor & Gamble Co., supra; United States v. Ferreboeuf, 632 F.2d 832 834 (9th Cir. 1980), cert. denied, 450 U.S. 934 (1981)).

When ruling on this motion, district courts are guided by the following standards: "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." United States v. Plummer, 941 F.2d 799, 806 (9th Cir. 1991). Speculation cannot meet the particularized test. United States v. Hardy, 762 F. Supp 1403, 1414 (D. Haw. 1991). Unsubstantiated and speculative assertions of improprieties in the proceedings do not supply the "particular need" to outweigh the policy of grand jury secrecy. United States v. Ferreboeuf, supra. Further, "[i]t is not sufficient for [movant] to assert that he has no way of knowing whether prosecutorial misconduct occurred." Id., (citing United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir. 1987)).

Based on these tests, courts have held that disclosure of grand jury transcripts should be denied "in all but extraordinary circumstances." United States v. Morgan, 845 F.Supp. 934 (D.Conn. 1994), affirmed 51 F.3d 1105 (2d Cir.), cert. denied, 516 U.S. 861 (1995). United States v. Teyibo, 877 F. Supp. 846, 864 (S.D.N.Y. 1995), affirmed 101 F.3d 681 (2d Cir.

1996).  In this circuit, "[t]he propriety of the district judge's decision to deny disclosure . . . depends in part upon whether there is reason to believe grounds for dismissal exist in this case."  United States v. Fowlie, 24 F.3d 1059, 1066 (9th Cir. 1994), cert. denied, 513 U.S. 1086 (1995).

### B.  Defendant Has Failed To Meet The Particularized Need Burden

Defendant's motion states that it is "unclear" what evidence, if any, was presented to the Grand Jury, that the defense "would like" to review the grand jury transcripts, and that the defense "needs to review" the transcript to prepare for trial.  Based on these assertions, Defendant has failed to show a particularized need required to outweigh the secrecy of the grand jury proceedings and his arguments do not merit the release of the grand jury transcripts in this case.

The Defendant cannot simply demand disclosure to prepare for trial.  The disclosure of grand jury transcripts as requested in Defendant's motion would permit disclosure anytime a defendant seeks to know what was said about him before a grand jury.  When a demand is made for grand jury material without a particularized need as in this case, the court can, and should, conclude that no particularized need exists.

**III. CONCLUSION**

       For the aforesaid reasons, the Defendant's Motion should be denied.

       DATED:  Honolulu, Hawaii, March 30, 2006.

                            EDWARD H. KUBO, JR.
                            United States Attorney

                        By /s/ Chris A. Thomas
                            CHRIS A. THOMAS
                            Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the date and by the method of service noted below, the true and correct copy of the foregoing was served on the following at his last known address:

Served electronically through CM/ECF:

Myles S. Breiner, Esq.          March 30, 2006
mbreiner@hawaii.rr.com

Attorney for Defendant
KEITH IMAI

DATED:  Honolulu, Hawaii: March 30, 2006.

/s/ Janice Tsumoto