MYLES S. BREINER   4364
Attorney at Law, Inc., ALC
345 Queen Street, Suite 200
Honolulu, Hawaii  96813
Telephone:    (808) 526-3426
Facsimile:    (808) 566-0347
e-mail: mbreiner@hawaii.rr.com

Attorney for Defendant
KEITH IMAI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00189DAE-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MOTION FOR RECONSIDERATION |
| KEITH IMAI,       (01) | ) | OF ORDER GRANTING MOTION TO |
| | ) | DETAIN WITHOUT BAIL |
| Defendant. | ) | |
| | ) | |

MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION
TO DETAIN WITHOUT BAIL

Comes Now, Defendant KEITH IMAI, by and through his counsel, MYLES S. BREINER, and pursuant to 18 USC §3142 and §3145(b) moves this Court a to reconsider its Order Granting Motion to Detain Without Bail, filed on May 3, 2005, and to permit Defendant Imai to post bail pending trial under such conditions as this Court may deem appropriate.

**FACTS:**

At a hearing on the Government's Motion to Detain Defendant Keith Imai Without Bail held on April 27, 2005, the Court ordered Defendant Imai detained pending

trial in the instant matter. The Hon. Mag. Judge Leslie Kobayashi determined that 1) the government has shown, by a preponderance of the evidence that Defendant presents a serious risk of flight pursuant to 18 U.S.C. §3142(f)(2)(A); 2) that Defendant presents a danger to other persons and the community; 3) that there is no condition or combination of conditions of release which will reasonably assure Defendant's appearance as required pursuant to 18 U.S.C. §3142(e); and 4) there is no condition of combination of conditions of release which will reasonably assure the safety of any other person and the community pursuant to 18 U.S.C. §3142(f).

In the Affidavit in Support of Criminal Complaint filed on April 14, 2005, the Government alleged the following:

> 7.  On April 13, 2005, ICE Agents, along with other state and county law enforcement officers executed a federal search warrant at Power Train of Hilo, 140 Holomua Street, Hilo, Hawaii and recovered two glass pipes, one round of .50 caliber ammunition, 50 rounds of 9mm ammunition, one Mossberg Hunting rifle with on live round in the chamber, and about .9 grams gross weight marijuana, and about $7,258.00 in cash..."

The Court considered this allegation at the detention hearing on April 14, 2005 in finding that Defendant posed a danger to the community. On May 12, 2005, an Indictment was issued for Defendant Imai and others. Under this indictment, however, Defendant was not charged for possession of a firearm.

On June 7, 2005, Defendant filed a Motion For Reconsideration of the order granting the Government's Motion to Detain Without Bail. On June 14, 2005, having heard argument of counsel, the Hon. Mag. Judge Kevin S.C. Chang, denied Defendant's Motion for Reconsideration based "on the criminal history of defendant which includes a conviction

involving violence and a prior felony drug offense, his past revocation of supervised release and the totality of circumstances in this case....pursuant to 18 U.S.C. §3142(e)."

On June 22, 2005, the Government field a Motion to Declare Case Complex Under 18 U.S.C. §3161 And To Continue Trial. Trial was originally scheduled for July 19, 2005. The Government's Motion was based on the number of wiretaps (over 7000) and "the extensive materials discovered during the execution of the wiretaps, and search warrants and otherwise gathered by law enforcement agencies". On July 8, 2005, there being "no opposition" from the Defendants, the Government's Motion was granted and the Court continued trial from July 19, 2005 to December 6, 2005, and excluded the time from computation under the Speedy Trial Act.

On Nov. 7, 2005, a Final Pretrial Conference was held before the Hon. Mag. Judge Leslie E. Kobayashi, at which time Defendant Kama's oral motion to continue was granted without objection by counsel representing the Co-Defendants and the Government. The Court continued the trial from December 6, 2005 to February 22, 2006, and excluded the time from computation under the Speedy Trial Act.

On January 23, 2006, a Final Pretrial Conference was held before the Hon. Mag. Leslie E. Kobayashi, at which time the Government orally moved to continue the trial date. Based upon the Government's oral motion, with an objection from Defendant Imai, and with no objection by the remaining Defendants, the Court continued the trial from February 22, 2006 to July 5, 2006, and again excluded the time from computation under the Speedy Trial Act.

Following the Court's granting of the Government's oral motion to continue trial, Defendant Imai filed several pretrial motions, including a second motion to compel

discovery, motion to compel identity of confidential sources, and motion to disclose grand jury transcripts. On March 31, 2006, all of Defendant Imai's pretrial discovery motions were denied. Trial was set to begin July 5, 2006. However, prior to the July 5th trial date, the Government again informed defense counsel of their intention to supersede the indictment, and by stipulation continued the trial date to October 31, 2006.

Trial is now presently set for October 31, 2006. Defendant Imai has been incarcerated at the Honolulu Federal Detention Center for over fifteen (15) months. Defendant Imai seeks a reconsideration of the Court's order denying him release pending trial. Defendant is prepared to post a bond through his family and friends in addition to residing at a supervised facility, should the Court reconsider its previous order of detention without bail. Defendant is also willing to abide by any and all terms and conditions imposed by the Court should he be released pending trial.

Dated:   Honolulu, Hawaii  7/21  , 2006.

_____
MYLES S. BREINER

Attorney for Defendant
KEITH IMAI