IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00189 DAE |
| | ) | |
| Plaintiff, | ) | [21 U.S.C. §§ 841 (a) (1) |
| | ) | (b) (1) (A), (b) (1) (B), |
| vs. | ) | 843 (b) and 846, and |
| | ) | 18 U.S.C. §§ 2, 922(g) (1) |
| KEITH SEICHI IMAI, (01) | ) | and 924(a) (2) & (c) (1)] |
| JEFFREY KAMA, (02) | ) | |
| SHAWNA KAULUKUI, and (03) | ) | |
| MICHAEL MIYASATO, (04) | ) | MOTION IN LIMINE |
| | ) | |
| Defendants. | ) | |

**MOTION IN LIMINE**

COMES NOW DEFENDANT, KEITH SEICHI IMAI, by and through his attorney, MYLES S. BREINER, respectfully moves this Honorable Court for an in camera hearing prior to the commencement of trial regarding exhibits, documents, photographs, and proposed testimony the prosecution seeks to introduce in their case-in-chief or by way of rebuttal, and moves this Court to issue for the following Orders:

(1)   Witness Exclusionary Rule - an Order invoking HRE Rule 615 with instructions to the prosecutor and all witnesses for the State not to violate the rule.

(2)   Offers of Proof - an Order instructing the prosecutor to make all offers of proof under FRE 103 at the bench and out of the hearing of the jury; and

(3)   Exclusion of Evidence - an Order excluding and precluding from use at trial the following evidence which the State may attempt to adduce:

3

(a) Testimonial or documentary evidence relating to the defendant's prior criminal records; and

(b) Testimonial or documental evidence relating to any other "bad acts" involving the defendant; and

(c) Hearsay which may be elicited from the State's witnesses; and

(d) All statements made by the defendant to the police prior to trial, and statements and commentary by the police upon the defendant's utterances; and

(e) Any testimony or comment upon the defendant's assertion of his right to remain silent prior to, or during, trial; and

(f) Any reference to a "lie detector or polygraph test" requested by the police; and

(g) Any questions by the Government which suggest the existence of any excluded evidence;

(h) Any questions by the Government and responses by Government's witnesses that the Defendant had or was know to have aliases or aka(s), which, if elicited through Government's witnesses suggests a familiarity with the defendant by said witnesses which is prejudicial to the defendant's right to receive a fair trial.

(i) Any questions and/or references by a Government witness or witnesses that the defendant was arrested in connection with a parole violation, or his identity was established through the federal (or state) paroling authority.

(j) Any questions by the Government and/or testimony elicited through any of its witnesses that the defendant "was known" to said witness or witnesses prior to the date and time of the alleged instant offense, as well as any testimony from said witness that the defendant was recognized by any such witnesses on the instant occasion based upon prior knowledge or familiarity with the defendant.

4

(k) Any photographs, tapes recordings, videotapes, graphic displays, charts or similar demonstrative exhibits potentionally violative of FRE rule 403 and 404 and likely to incite or inflame the passions of the trier of fact and thereby prejudice the defendant.

(4) <u>Compliance With Ethical Rules</u> - an order that the U.S. Attorney is on notice of the requirement of the Code of Professional Responsibility as they apply to trial conduct.

(5) <u>Penalty For Violation</u> - an order instructing the prosecutor not to violate any of the foregoing order directly, or indirectly through the witnesses who "volunteer" excluded evidence or who circumvent the witness exclusionary rule, upon pain of dismissal of the charges with prejudice, and sanctions and referral to the appropriate disciplinary board.

This motion is brought pursuant to FRCP Rules 12 and 47, the 5th, 6th and 14th Amendment to the United states Constitution, and FRE Rules 103, 104, 402, 403, 404, 615, and the declaration of counsel, the memorandum of law, and any evidence which may be adduced at the in camera hearing on this motion.

DATED: Honolulu, Hawaii, __10/5__, 2006.

_____
MYLES S. BREINER
Attorney for Defendant

5