IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00189 DAE |
| | ) | |
| Plaintiff, | ) | [21 U.S.C. §§ 841 (a) (1) |
| | ) | (b) (1) (A),  (b) (1) (B), |
| vs. | ) | 843 (b) and 846,  and |
| | ) | 18 U.S.C. §§ 2,  922(g) (1) |
| KEITH SEICHI IMAI,       (01) | ) | and 924(a) (2) & (c) (1)] |
| JEFFREY KAMA,             (02) | ) | |
| SHAWNA KAULUKUI, and (03) | ) | |
| MICHAEL MIYASATO,    (04) | ) | |
| | ) | MEMORANDUM OF LAW |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OF LAW

Witness Exclusionary Rule

      The defendant may invoke the witness exclusionary rule as a matter of right. FRE Rule 615. In a criminal case, it is generally held that the police officer in charge of the investigation is within the "officer or employee" exception provided in Rule 615. United States v. Payan, 992 F.2d 1387 (5th Cir. 1993) (defendant had no right to sequestration of the officer in charge of the investigation.)  However, there is some dispute about whether the "officer or employee" exception authorizes more than one person to remain in the courtroom during the entire trial. Some Courts have held that a party may designate only one representative for the purposes of Rule 615. United States v. Pulley, 922 F.2d 1283 (6th Cir. 1991) (officer or employee exception does not permit two investigating officers to sit through the trial.)

Offers Of Proof

FRE Rule 103(c) provides that, "In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence form being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." This court should thus specifically order the U.S. Attorney to make all offers of proof at the bench and out of the hearing of the jury, and to follow this rule.

Prior Record and Mug Shots

Any testimonial or documentary evidence of the defendant's prior criminal record (if it exists), including "mug shots", must be excluded as irrelevant under FRE 402, and prejudicial under <u>United States v. Calandra</u>, 414 U.S. 338 (1974). Furthermore, even if such evidence is relevant to some issue in this case, the danger of unfair prejudice substantially outweighs any probative value it may have under FRE Rule 403, and should nevertheless be excluded.

Other Types of Character Evidence or Bad Acts

This Court must exclude all testimony concerning any alleged bad acts involving the defendant as a preliminary question of fact under FRE Rule 104(a). As a threshold matter, this court must require the Government to prove any alleged bad acts under a standard of clear and convincing evidence.[1]  Furthermore, even if the Government adduces adequate proof of such

---

[1] The admissibility of prior bad acts is a matter for the trial court to determine, not the jury. <u>State v. Matteson</u>, 287 N.W.2d 508 (Minn. 1979). The test of "clear and convincing" proof of a prior

9

character evidence, the testimony must still be excluded as irrelevant under FRE 402, and unfairly prejudicial under FRE Rule 403, (See, United States v. LaPierre, 998 F.2d 1460 (9th Cir. 1993).

Hearsay

Any hearsay evidence must be excluded because it violates the defendant's right to confront the witnesses against him under the 6th and 14th Amendments to the United States Constitution.

Statements Made To The Police/ Police Comments

All statements made to the police must be excluded under a voluntariness test. Furthermore, even if the Court, following a voluntariness hearing, finds such statements to have been uttered "voluntarily", any commentary or statements made by the examiner or person interviewing the defendant must be excluded as irrelevant under FRE Rule 402, and prejudicial under FRE Rule 403.

Adverse Comment Upon The Right To Remain Silent

It is a long-standing principle of law that absolutely no adverse comment upon a defendant's right to remain silent may be made to the jury either for substantive purposes, Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229 (1965), or for purposes of impeachment.

---

bad act is the majority rule of the Federal Courts, United States v. Dabish, 708 F.2d 240, 243 (6th Cir, 1983), footnote #2, and many State courts.

Dolye v. Ohio, 426 U.S. 610, 96 S.Ct. 2240 (1976). The Hawaii Supreme Court has also adopted this position in State v. Melear, 63 Haw. 488, 630 P.2d 619 (1981), stating "The Fifth Amendment of the United States Constitution prohibits either adverse comment by the prosecutor on the accused's silence or instructions by the court that such silence is evidence of guilt." 630 P.2d at 626 [citations omitted].

Real and Demonstrative Evidence

FRE Rule 403 has special applicability to real and demonstrative evidence. The factors which the court can consider in assessing the balance between prejudicial effect and probative value are "actual need" for evidence, and the potential for "creating prejudice" and hostility toward the defendant "in the minds of the jurors". Probative value is a function not only of relevancy, but also of need for the evidence.

DATED: Honolulu, Hawaii _____10/5_____, 2006.

_____
MYLES S. BREINER
Attorney for Defendant

11