MYLES S. BREINER   4364
Attorney at Law, Inc., ALC
345 Queen Street, Suite 200
Honolulu, Hawaii 96813
Telephone: 526-3426

Attorney for Defendant
KEITH SEICHI IMAI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00189 DAE |
| | ) | |
| Plaintiff, | ) | [21 U.S.C. §§ 841 (a) (1) |
| | ) | (b) (1) (A), (b) (1) (B), |
| v. | ) | 843 (b) and 846, and |
| | ) | 18 U.S.C. §§ 2, 922(g) (1) |
| KEITH SEICHI IMAI,     (01) | ) | and 924(a) (2) & (c) (1)] |
| JEFFREY KAMA,          (02) | ) | |
| SHAWNA KAULUKUI, and (03) | ) | DEFENDANT KEITH SEICHI IMAI'S |
| MICHAEL MIYASATO,     (04) | ) | REQUESTED JURY INSTRUCTIONS; |
| | ) | CERTIFICATE OF SERVICE |
| Defendants. | ) | |
| | ) | Trial : October 31, 2006 |
| | ) | |

### DEFENDANT KEITH SEICHI IMAI'S REQUESTED JURY INSTRUCTIONS

Defendant KEITH SEICHI IMAI hereby requests the following Jury Instructions numbered 1 to __17__.

Dated:   Honolulu, Hawaii __10/6__, 2006.

_____
MYLES S. BREINER

Attorney for Defendant
KEITH SEICHI IMAI

## JURY INSTRUCTION 1

There are two types of evidence from which you may find the truth as to the facts of a case - direct and circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness; circumstantial evidence is proof of a chain of facts and circumstances indicating the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar
1977 edition §15.02

## JURY INSTRUCTION 2

If it appears from the evidence in the case that a confession (admission) would not have been made, but for some threat of harm or some offer or promise of immunity from prosecution, or leniency in punishment, or other reward, such a confession should not be considered as having been voluntarily made, because of the danger that a person accused might be persuaded by the pressure of hope or fear to confess as facts things which are not true, in an effort to avoid threaten harm or punishment, or to secure a promised reward.

If the evidence in the case leaves the jury with a reasonable doubt as to whether a confession was voluntarily made, then the jury should disregard it entirely.

If, on the other hand, you find that the confession (admission) in evidence was voluntarily made, then you will give it such weight as you feel it deserves under the circumstances.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar
1977 edition §15.07

## JURY INSTRUCTION 3

After taking a defendant into custody, arresting officers sometimes make accusatory statements to him or in his presence, with a view to prompting some admission of guilt.

An accusatory statement, as the term suggests, is a statement which in substance or effect accuses a person of guilt.

The law does not require a defendant in custody to make any reply whatever to any accusatory statement made to him, or in his presence, either orally or in writing. So neither the accusatory statement, nor any failure to make reply thereto, is evidence of any kind against the accused.

That is to say, neither the accusatory statement, nor any failure to reply thereto, can create any presumption or permit any inference of guilt.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §15.14

## JURY INSTRUCTION 4

The evidence in this case raises the question of whether the defendant was in fact the criminal actor and necessitates your resolving any conflict or uncertainty in testimony on that issue.

The burden of proof is on the prosecution with reference to every element of the crime charged and this burden includes the burden of proving beyond reasonable doubt the identity of the defendant as the perpetrator of the crime charged.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §15.18

## JURY INSTRUCTION 5

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses". Witnesses who, by education and experience, have become expert in field, may state an opinion as to relevant and material matter, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §15.22

## JURY INSTRUCTION 6

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §17.01

## JURY INSTRUCTION 7

The testimony of an informer who provides evidence against a defendant for pay, or for immunity from punishment, or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the informer's testimony has been affected by interest, or by prejudice against the defendant.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §17.02

## JURY INSTRUCTION 8

You may also consider any demonstrated bias, prejudice or hostility of a witness toward the defendant in determining the weight to be accorded to his or her testimony.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §17.07

## JURY INSTRUCTION 9

The testimony of a witness may be discredited or impeached by showing that the previously made statements which are inconsistent with his present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If an witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §17.08

## JURY INSTRUCTION 10

The testimony of a witness may be discredited or impeached by showing that the witness has been convicted of a felony, that is, of a crime punishable by imprisonment for a term of years. Prior conviction does not render a witness incompetent to testify, but is merely a circumstance which you may consider in determining the credibility of the witness. It is the province of the jury to determine the weight to be given to any prior conviction as impeachment.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §17.09

## JURY INSTRUCTION 11

A witness may be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §17.11

## JURY INSTRUCTION 12

Evidence of a defendant's previous conviction of a felony is to be considered by the jury, only insofar as it may affect the credibility of the defendant as a witness, and must never be considered as evidence of guilt of the crime for which the defendant is non trial.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §17.13

## JURY INSTRUCTION 13

The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the failure of a defendant to testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §17.14

## JURY INSTRUCTION 14

The law requires every witness, including a defendant who chooses to become a witness in a criminal case, to answer all proper questions put to him, unless the Court rules he is privileged to refuse to answer on Constitutional or other grounds.

The fact that a witness refuses to answer a question, after being instructed by the Court to answer, may be considered by the jury in determining the credibility of the witness and weight his testimony deserves.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §17.15

## JURY INSTRUCTION 15

It is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in the case, failure to call that witness may give rise to an inference that his testimony would be unfavorable to that party. However, no such conclusion should be drawn by you with regard to a witness who is equally available to both parties, or where the witness's testimony would be merely cumulative.

The jury will always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §17.19

## JURY INSTRUCTION 16

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater credence. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §17.20

# JURY INSTRUCTION 17

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of his testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

Federal Jury Practice and Instructions
Civil and Criminal
Devitt and Blackmar 1977 Vol. 1 §17.21
modified

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00189 DAE |
| | ) | |
| Plaintiff, | ) | [21 U.S.C. §§ 841 (a) (1) |
| | ) | (b) (1) (A),  (b) (1) (B), |
| v. | ) | 843 (b) and 846,  and |
| | ) | 18 U.S.C. §§ 2,  922(g) (1) |
| KEITH SEICHI IMAI,  (01) | ) | and 924(a) (2) & (c) (1)] |
| JEFFREY KAMA,  (02) | ) | |
| SHAWNA KAULUKUI, and  (03) | ) | CERTIFICATE OF SERVICE |
| MICHAEL MIYASATO,  (04) | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was duly served upon the following party(ies) via   on _____, 2006.

**Party**                                              **Hand Delivery**     **U.S. Mail**
CHRIS THOMAS                                           XXX
Assistant U.S. Attorney
Office of the U.S. Attorney
6100 PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96813

Dated:    Honolulu, Hawaii  __10/6__, 2006.

_____
MYLES S. BREINER