EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS      #3514
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:     Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00189 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S PROPOSED JURY |
| vs. | ) | INSTRUCTIONS; CERTIFICATE OF |
| | ) | SERVICE |
| KEITH IMAI,      (01) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PROPOSED JURY INSTRUCTIONS

        The United States of America, through its undersigned

counsel, respectfully submits the following proposed jury

instructions.  These instructions include the following Standard

Jury Instructions for Judge David Alan Ezra, as well as other

proposed jury instructions pertinent to this case.  The

government reserves the right to withdraw any of the attached

instructions or to offer such additional instructions as may,

during the course of the trial, become appropriate.

DATED:  October 10, 2006, Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ Chris A. Thomas
    CHRIS A. THOMAS
    Assistant U.S. Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

2

STANDARD JURY INSTRUCTIONS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DAVID ALAN EZRA
United States District Judge

GENERAL FEDERAL JURY
INSTRUCTIONS IN CRIMINAL CASES

INDEX

1.  DUTY OF JUDGE

2.  DUTY TO FOLLOW INSTRUCTIONS
    A    Single Defendant

3.  REASONABLE DOUBT

4.  DEFENDANT'S DECISION NOT TO TESTIFY

5.  EVIDENCE -- EXCLUDING ARGUMENTS OF COUNSEL

6.  EVIDENCE -- OBJECTIONS

7.  EVIDENCE -- EXCLUDING STATEMENTS OF JUDGE

9.  EVIDENCE -- DIRECT AND CIRCUMSTANTIAL

10.  EVIDENCE -- CREDIBILITY OF WITNESSES

11.  EVIDENCE -- EXPERT WITNESSES

12.  IMPEACHMENT -- GENERALLY

13.  IMPEACHMENT -- REPUTATION FOR TRUTHFULNESS

14.  IMPEACHMENT -- PRIOR CONVICTION

15.  IMPEACHMENT OF DEFENDANT
    A    General Instruction
    B    General Instruction & Prior Conviction
         (To be read, in addition to #12 above, when
         defendant is impeached by prior conviction)

16.  ON OR ABOUT

17.  KNOWINGLY

18.  CAUTION -- PUNISHMENT
     B    Single Defendant, Multiple Counts

19.  DUTY TO DELIBERATE

20.  VERDICT
     A    Verdict Form -- Single Defendant

<u>ADDITIONAL PROPOSED JURY INSTRUCTIONS</u>

PROPOSED JURY INSTRUCTION NO. 1

The case against Co-defendants Jeffrey Kama, Shawna Kaulukukui and Michael Miyasato have been disposed of and is no longer before you. Do not guess or speculate as to the reason for the disposition. The disposition should not influence your verdict with reference to the remaining defendant, and you must base your verdict solely on the evidence against the remaining defendant.

9th Cir. Crim. Jury Instr. 2.13 (2004), as modified.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JURY INSTRUCTION NO. 2

You have heard testimony from the following witnesses: Shawna Kaulukukui and Michael Miyasato; they are witnesses who plead guilty to a crime arising out of the same or similar events for which the remaining defendant is on trial. Their guilty pleas are not evidence against the defendant, and you may consider a guilty plea only in determining the witness' believability.

In evaluating the testimony of a witness who has plead guilty or who has admitted to his or her involvement, you should consider the extent to which or whether the witness's testimony may have been influenced by this factor.

9th Cir. Crim. Jury Instr. 4.9 (2004), as modified.

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JURY INSTRUCTION NO. 3

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9th Cir. Crim. Jury Instr. 4.18 (2004)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JURY INSTRUCTION NO. 4

You have heard evidence that an informant was involved in the government's investigation in this case.  Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants and undercover agents, in order to apprehend persons engaged in criminal activities. Undercover agents and informants may properly make use of false names and appearances and may properly assume the roles of members in criminal organizations.  The government may utilize a broad range of schemes and ploys to ferret out criminal activity.

9th Cir. Crim. Jury Instr. 4.13 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JURY INSTRUCTION NO. 5

The defendant Keith Imai is charged in Count 1 of the Indictment with conspiring with others knowingly and intentionally to possess with intent to distribute, and distribute, 50 grams or more of methamphetamine, its salts, isomers, and salts of isomers.

In order for a defendant to be found guilty of the charge of conspiracy, the government must prove each of the following elements beyond a reasonable doubt as to that defendant:

First, from January 1, 2001, to and including April 13, 2005, there was an agreement between two or more persons to possess with intent to distribute, and distribute, fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of isomers, and

Second, that the defendant became a member of the conspiracy knowing of at least one of the its objects and intending to help accomplish at least one of the objects.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership--an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the co-conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in Count 1 of the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.  You may find that there was more than one object agreed upon in the conspiracy, provided that all of you agree as to each particular crime, or object, which the conspirators agreed to commit.  The object listed within Count 1 of the Indictment was to possess methamphetamine for distribution in Hawaii.

One becomes a member of the conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

2

Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may further the conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove any of the overt acts.

9th Cir. Crim. Jury Instr. 8.16 (2005); <u>U.S. v. Shabani</u>, 513 U.S. 10 (1994); <u>Anderson v. United States</u>, 417 U.S. 211, 225-26 (1974); <u>United States v. Garcia</u>, 37 F.3d 1359, 1369-70 (9th Cir. 1994)).

GIVEN       _____
REFUSED     _____
MODIFIED    _____

PROPOSED JURY INSTRUCTION NO. 6

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1)  the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2)  the defendant knew or had reason to know that the other conspirators were involved with those with whom the defendant directly conspired, and

(3)  the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

9th Cir. Crim. Jury Instr. 8.18 (2005)

GIVEN        _____
REFUSED      _____
MODIFIED        _____

2

PROPOSED JURY INSTRUCTION NO. 7

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

9th Cir. Crim. Jury Instr. 3.18 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JURY INSTRUCTION NO. 8

The defendant Keith Imai has been charged in Count 4 of the Indictment with knowingly and intentionally possessing with intent to distribute, and distribute, fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of isomers.

In order for a defendant to be found guilty of that charge, the government must prove each of the following elements as to that defendant beyond a reasonable doubt:

First, the defendant intended to possess with the intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of isomers.

Second, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

To "possess with the intent to distribute" means to possess with the intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

It does not matter whether the defendant knew that the substance was methamphetamine.  It is sufficient that the defendant knew that it was some kind of prohibited drug.

Mere preparation is not a substantial step toward the commission of the offense of possession with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of isomers.

PROPOSED JURY INSTRUCTION NO. 9

The defendant Keith Imai has been charged in Counts 2, 6, and 8 of the Indictment with knowingly and intentionally possessing with intent to distribute, and distribute, five (5) grams or more of methamphetamine, its salts, isomers, and salts of isomers.

In order for a defendant to be found guilty of that charge, the government must prove each of the following elements as to that defendant beyond a reasonable doubt:

First, the defendant intended to possess with the intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of isomers.

Second, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

To "possess with the intent to distribute" means to possess with the intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

It does not matter whether the defendant knew that the substance was methamphetamine.  It is sufficient that the defendant knew that it was some kind of prohibited drug.

Mere preparation is not a substantial step toward the commission of the offense of possession with intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of isomers.

9th Cir. Crim. Jury Instr. 9.14 and 9.15 (2005); <u>United States v. Sua</u>, 307 F.3d 1150, 1155 (9th Cir. 2002).

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JURY INSTRUCTION NO. 10

The defendant Keith Imai has been charged in Count 11 of the Indictment with possession of ammunition in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed ammunition;

Second, the ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

9th Cir. Crim. Jury Instr. 8.59 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

PROPOSED JURY INSTRUCTION NO. 11

        The defendant Keith Imai has been charged in Counts 12, 13, 14, 15, 16, 17, 18 and 19 of the Indictment with possession with illegal use of a communication facility in violation of Section 843(b) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove beyond a reasonable doubt that the defendant knowingly or intentionally used a telephone to help bring about the conspiracy to distribute methamphetamine charged in Count 1 of the Indictment or to help bring about the possession with intent to distribute methamphetamine as charged in Counts 2, 4, 6 and 8 of the Indictment.

9th Cir. Crim. Jury Instr. 9.25 (2005)

GIVEN      _____
REFUSED    _____
MODIFIED   _____

CLEAN SET OF JURY INSTRUCTIONS

PROPOSED JURY INSTRUCTION NO. ___

        The case against Co-defendants Jeffrey Kama, Shawna
Kaulukukui and Michael Miyasato have been disposed of and is no
longer before you.  Do not guess or speculate as to the reason
for the disposition.  The disposition should not influence your
verdict with reference to the remaining defendant, and you must
base your verdict solely on the evidence against the remaining
defendant.

PROPOSED JURY INSTRUCTION NO.

You have heard testimony from the following witnesses: Shawna Kaulukukui and Michael Miyasato; they are witnesses who plead guilty to a crime arising out of the same or similar events for which the remaining defendant is on trial.  Their guilty pleas are not evidence against the defendant, and you may consider a guilty plea only in determining the witness' believability.

In evaluating the testimony of a witness who has plead guilty or who has admitted to his or her involvement, you should consider the extent to which or whether the witness's testimony may have been influenced by this factor.

PROPOSED JURY INSTRUCTION NO.

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

<u>PROPOSED JURY INSTRUCTION NO.</u>

      You have heard evidence that an informant was involved in the government's investigation in this case.  Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants and undercover agents, in order to apprehend persons engaged in criminal activities. Undercover agents and informants may properly make use of false names and appearances and may properly assume the roles of members in criminal organizations.  The government may utilize a broad range of schemes and ploys to ferret out criminal activity.

PROPOSED JURY INSTRUCTION NO. ___

The defendant Keith Imai is charged in Count 1 of the Indictment with conspiring with others knowingly and intentionally to possess with intent to distribute, and distribute, 50 grams or more of methamphetamine, its salts, isomers, and salts of isomers.

In order for a defendant to be found guilty of the charge of conspiracy, the government must prove each of the following elements beyond a reasonable doubt as to that defendant:

First, from January 1, 2001, to and including April 13, 2005, there was an agreement between two or more persons to possess with intent to distribute, and distribute, fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of isomers, and

Second, that the defendant became a member of the conspiracy knowing of at least one of the its objects and intending to help accomplish at least one of the objects.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership--an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the co-conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in Count 1 of the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.  You may find that there was more than one object agreed upon in the conspiracy, provided that all of you agree as to each particular crime, or object, which the conspirators agreed to commit.  The object listed within Count 1 of the Indictment was to possess methamphetamine for distribution in Hawaii.

One becomes a member of the conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may further the conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove any of the overt acts.

PROPOSED JURY INSTRUCTION NO.

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1)  the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2)  the defendant knew or had reason to know that the other conspirators were involved with those with whom the defendant directly conspired, and

(3)  the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

<u>PROPOSED JURY INSTRUCTION NO.   </u>

    A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

    More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

PROPOSED JURY INSTRUCTION NO.

The defendant Keith Imai has been charged in Count 4 of the Indictment with knowingly and intentionally possessing with intent to distribute, and distribute, fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of isomers.

In order for a defendant to be found guilty of that charge, the government must prove each of the following elements as to that defendant beyond a reasonable doubt:

First, the defendant intended to possess with the intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of isomers.

Second, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

To "possess with the intent to distribute" means to possess with the intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of prohibited drug.

Mere preparation is not a substantial step toward the commission of the offense of possession with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of isomers.

<u>PROPOSED JURY INSTRUCTION NO.</u>

The defendant Keith Imai has been charged in Counts 2, 6, and 8 of the Indictment with knowingly and intentionally possessing with intent to distribute, and distribute, five (5) grams or more of methamphetamine, its salts, isomers, and salts of isomers.

In order for a defendant to be found guilty of that charge, the government must prove each of the following elements as to that defendant beyond a reasonable doubt:

First, the defendant intended to possess with the intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of isomers.

Second, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

To "possess with the intent to distribute" means to possess with the intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

It does not matter whether the defendant knew that the substance was methamphetamine.  It is sufficient that the defendant knew that it was some kind of prohibited drug.

Mere preparation is not a substantial step toward the commission of the offense of possession with intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of isomers.

<u>PROPOSED JURY INSTRUCTION NO.</u>

The defendant Keith Imai has been charged in Count 11 of the Indictment with possession of ammunition in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed ammunition;

Second, the ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

PROPOSED JURY INSTRUCTION NO.

The defendant Keith Imai has been charged in Counts 12, 13, 14, 15, 16, 17, 18 and 19 of the Indictment with possession with illegal use of a communication facility in violation of Section 843(b) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove beyond a reasonable doubt that the defendant knowingly or intentionally used a telephone to help bring about the conspiracy to distribute methamphetamine charged in Count 1 of the Indictment or to help bring about the possession with intent to distribute methamphetamine as charged in Counts 2, 4, 6 and 8 of the Indictment.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document

was transmitted to the following on October 11, 2006:

Served electronically through CM/ECF:

        Myles S. Breiner, ESQ.
        mbreiner@hawaii.rr.com

        Attorney for Defendant
        KEITH IMAI

    DATED: Honolulu, Hawaii, October 11, 2006.


                     /s/ Janice Tsumoto