EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE NAKAKUNI    #2286
Chief, Narcotics Section

CHRIS A. THOMAS     #3514
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail: Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 16 2006

at 6 o'clock and 22 min P.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00189-01 DAE |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM |
| | ) | IN OPPOSITION TO DEFENDANT'S |
| vs. | ) | MOTION IN LIMINE; |
| | ) | CERTIFICATE OF SERVICE |
| KEITH SEICHI IMAI,  (01) | ) | |
| Defendant. | ) | Date: October 30, 2006 |
| | ) | Time: 10:30 a.m. |
| | ) | Judge: Honorable David Alan Ezra |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE

The United States of America, by and through its undersigned counsel (hereinafter referred to as the "Government"), hereby submits this Memorandum in Opposition to Defendant's Motion In Limine in the above entitled case filed on October 5, 2006.

I.  BACKGROUND

The government does not object to the requests contained in Defendant's Motion In Limine with the exception of paragraph 3(a) regarding testimonial or documentary evidence relating to the defendant's prior criminal record.

On October 4, 2006, the government notified the Defendant that it intended to admit evidence of his prior conviction on July 12, 1991 for six (6) counts of possession with intent to distribute cocaine in the case of Criminal Number 90-01814 ACK in the United States District Court for the District of Hawaii.

II.  ARGUMENT

This Court should permit the Government to admit proof of the defendant's 1991 conviction for six counts of a violation of Title 21 U.S.C. § 841, Possession with Intent to Distribute under Fed. R. Evid. 404(b) in that such evidence helps to establish Defendant's knowledge, intent and lack of accident or mistake in 2004.

Rule 404(b) is a rule of inclusion, not exclusion, i.e., unless the other act evidence only proves propensity, it is admissible. United States v. Castillo, 181 F.3d 1129, 1134 (9th Cir. 1999), citing United States v. Meling, 47 F.3d 1546, 1557 (9th Cir.), cert. denied, 516 U.S. 843 (1995). The Ninth Circuit

has sketched a four-part test to determine the admissibility of other act evidence:

> 1. The evidence tends to prove a material point;
> 2. The other acts are not too remote in time;
> 3. The evidence is sufficient to support a finding that the defendant committed the other act; and
> 4. The other acts are similar to the charged act, except when the other acts are used to prove the defendant's state of mind.

United States v. Castillo, 181 F.3d at 1134; United States v. Montgomery, 150 F.3d 983, 1000 (9th Cir.), cert. denied, 119 S.Ct. 460 (1998); United States v. Nelson, 137 F.3d 1094, 1106 (9th Cir.), cert. denied, 119 S.Ct. 232 (1998); United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir. 1993).

In addition, the evidence must survive a Rule 403 balancing test, i.e., the danger of unfair prejudice to the defendant cannot substantially outweigh the probative value of the other act evidence. Id.

The Arambula-Ruiz Court approved the admission of 404(b) evidence, i.e., a conviction for possession of a controlled substance with intent to distribute, where the defendant was charged with conspiracy to possess with intent to distribute and with possession with intent to distribute a controlled substance. The Arambula-Ruiz Court found that the prior act evidence was material, not too remote in time, sufficiently proven, and similar. Id. at 602-04. On the last

3

requirement, similarity, the <u>Arambula-Ruiz</u> Court noted that "similarity is not always a prerequisite to admissibility under Rule 404(b)." The <u>Arambula-Ruiz</u> Court stated that evidence of prior bad acts is admissible to show knowledge even when similarity is lacking, provided it makes the existence of a defendant's knowledge more probable than it would be without the evidence. <u>Id.</u> at 603.

> The fact that Arambula had been convicted of possessing heroin with the intent to distribute certainly made the existence of his knowledge regarding the current heroin sale more probable than not. It helped disprove Arambula's contention that he was merely an innocent bystander, and tended to show that he was aware of the heroin transaction.

<u>Id.</u>

Finally, the <u>Arambula-Ruiz</u> Court found that the danger of unfair prejudice did not outweigh the probative value of the evidence, especially given the trial court's careful instruction to the jury. <u>Id.</u> at 604.

Although the <u>Arambula</u> case involved heroin in the prior act and heroin in the charged act, the Ninth Circuit also has approved admission of a prior conviction for heroin importation in a trial in which conspiracy to distribute methamphetamine was charged. <u>United State v. Martinez</u>, 182 F.3d 1107, 1112 (9th Cir.), <u>cert. denied</u>, 120 S.Ct. 358 (1999).

In <u>Martinez</u>, <u>supra</u>, agents caught a woman named Crystal York carrying methamphetamine from San Francisco to Hawaii. York cooperated and telephoned her boyfriend, Serrano. Serrano was angry that she had been in Hawaii for five hours without calling him. York said, "I was going to surprise you," and "I love you." York explained the reason for the delay, "one of the pac-the things, you know . . . [w]as jabbing me in the back, so I was messing with it. And the package broke. And then this stuff coming out, so I been . . . sitting here in the bathroom trying to do it." She said, "I'm . . . scared, dude, I've been . . . carrying this shit . . ."

Serrano came to the airport to pick up York. A man named Martinez drove Serrano to the airport. When Martinez arrived, York identified Martinez as someone to whom she had delivered drugs in the past. <u>Id.</u> at 1109.

Martinez argued on appeal that the lower court had committed error by admitting evidence of a prior conviction for heroin importation. The <u>Martinez</u> Court rejected, however, the defendant's arguments that heroin importation was irrelevant in a methamphetamine trial, and that the evidence was more prejudicial than probative. The <u>Martinez</u> Court pointed out that the government carries the burden of proving a defendant's knowledge beyond a reasonable doubt, and that the defendant's prior convictions tended to prove knowledge of how drugs are imported,

5

"a specialized sort of knowledge most people lack." Id. at 1112.

In the case at bar, the court should admit Defendant's prior acts and prior conviction for Possession with Intent to Distribute cocaine. Taking the Arambula-Ruiz, et al., factors in order:

1. Materiality: The 1991 conviction helps to prove a material point, namely, Defendant's knowledge and/or his intent to distribute. Knowledge and intent are particularly difficult to prove when, as in defendant's case he is somewhat removed from the drugs, and speaks in code on the telephone, referring to the parcel as "parts" but never quite stating that he knows that it contains drugs. Defendant's prior bad acts tend to explain his code and tend to explain the knowledge behind the use of code. Defendant's prior bad acts make it far more likely that when Defendant's prior bad acts show a specialized sort of knowledge most people lack.

2. Remoteness: The prior bad acts are not too remote in time, because they are strikingly similar to the current offenses.

The Ninth Circuit has noted that when prior bad act evidence is similar to the charged acts, courts may admit the prior bad evidence despite an extended lapse of time. United States v. Spillone, 879 F.2d 514, 519 (9th Cir. 1989). In

approving the admission of a prior conviction that was well over ten years old, the Spillone Court ruled that they:

> decline[d] to adopt an inflexible rule excluding evidence of prior bad acts after a certain amount of time elapses. Depending upon the theory of admissibility and the similarity of the acts, for example, some remote acts may be extremely probative and relevant.

Id. Because the prior bad acts had "fairly close similarity" to the charged offenses,[1] the Spillone Court found that the prior conviction was "not so remote as to require its exclusion." Id.; see also United States v. Hadley, 918 F.2d 848, 851 (9th Cir. 1990)(no abuse of discretion in admitting prior sexual bad acts over ten years old given similarity between acts of sexual gratification on victims); United States v. Ross, 886 F.2d 264, 267 (9th Cir. 1989)(no abuse of discretion in admitting evidence that defendant had improperly used his wife's social security number thirteen years before instant offense to negate claim of mistake by defendant and to show intent given similarity of offenses).

In the instant case, the defendant's prior acts were committed in late 1988 and early 1989. He was convicted of the that behavior in February, 1991. The instant Indictment charges

---

[1] Spillone had been convicted of making an extortionate extension of credit, and was charged with making an extortionate extension of credit, and with using extortionate means to collect extensions of credit. Id.

crimes beginning in January 1, 2001 to and including April 13, 2005.

While there admittedly is a gap of 10-14 years between prior conviction and charged behavior, the prior acts and conviction and acts remain admissible because they are so similar to the charged behavior.

In the instant case, the Defendant is charged with participating in a conspiracy to distribute methamphetamine and with possession with intent to distribute methamphetamine. His role in the conspiracy was that of the dealer. He would receive methamphetamine, distribute the methamphetamine, and collect the drug proceeds.

The prior acts and conviction are for dealing in cocaine. The prior acts and conviction are identical to the charged offenses (save the drug type). Given the similarity of the offenses, the Defendant's prior acts and conviction should be admitted at trial.

3. <u>Sufficiency</u>: Defendant pleaded guilty to his 1991 Drug charges, providing proof beyond a reasonable doubt. An FBI agent will testify as to the facts underlying the 1991 convictions. This agent will be subject to cross examination by defense counsel.

4. <u>Similarity</u>: As discussed, <u>infra</u>, the prior acts and conviction are almost identical to the charged offenses.

Finally, given the powerful insight provided by Defendant's 1991 convictions, there is no danger that unfair prejudice will substantially outweigh the probative value, provided that the Court gives a 404(b) limiting instruction prior to the evidence of the 1991 convictions being admitted. For all of these reasons, this Court should admit evidence of Defendant's 1991 convictions.

III. CONCLUSION

Based upon the argument and authority presented, this Court should permit the government to present certified copies of documents reflecting Indictment (1990), Guilty Plea (1990), and Judgement (1991).

DATED: October 16, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ Chris A. Thomas
CHRIS A. THOMAS
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly served upon the following persons by: [ ] hand delivering [X] faxing or mailing said document on or about the date of filing:

Myles S. Breiner, Esq.
345 Queen Street, Suite 200
Honolulu, HI 96813
Ph: 526-3426; Fax: 566-0347

Attorney for Defendant
KEITH SEICHI IMAI

DATED: HONOLULU, HAWAII: October 16, 2006.