MYLES S. BREINER  4364
Attorney at Law, Inc., ALC
345 Queen Street, Suite 200
Honolulu, Hawaii 96813
Telephone:   (808) 526-3426
Facsimile:   (808) 566-0347
e-mail address: mbreiner@hawaii.rr.com

Attorney for Defendant
VANESSA BARUT



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) Cr. No. 05-00189-01 DAE |
|---|---|
| Plaintiff, | ) |
| v. | ) MEMORANDUM IN SUPPORT OF |
|  | ) DEFENDANT'S MOTION IN LIMINE; |
| KEITH SEICHI IMAI,     (01) | ) CERTIFICATE OF SERVICE |
| Defendant. | ) Date: October 30, 2006 |
|  | ) Time: 10:30 a.m. |
|  | ) Judge: Hon. David A. Ezra |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

The Government seeks to introduce evidence of defendant's 1991 conviction for six (6) counts of a violation of Title 21 U.S.C. §841, Possession with Intent to Distribute (Cocaine) under FRE Rule 404(b) on the theory that "such evidence helps to establish Defendant's knowledge, intent and lack of accident or mistake in 2004".

Defendant Imai objects to the introduction of the 1991 conviction on the grounds that it violates defendant's right to a fair trial under FRE Rules 403 and 404, and United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir. 1993) and United States v.

Martinez, 182 F.3d 1107, 1112 (9th Cir.) cert. denied, 120 S.Ct. 358 (1999). Notwithstanding the Government's claim of "proof of knowledge" as its legal theory for admissibility, the ulterior purpose is to bolster a otherwise weak case with inadmissible 404(a) character evidence of propensity to commit the charged offense.

This Court should not allow the Government to introduce inadmissible character evidence under the guise of "intent" and "knowledge". The Arambula-Ruiz case sets forth four (4) mandatory factors: (1) materiality; (2) remoteness; (3) sufficiency; and (4) similarity, which must be met <u>before</u> the court can conduct a FRE Rule 403 probative value /prejudicial effect analysis and admit defendant's prior 1991 conviction. [1]

In Arambula-Ruiz, the 9th Circuit found that although the defendant's prior arrests should have been excluded under FRE Rule 404(b) because it was not admissible for purposes other than to show defendant's character, the error was harmless only after the trial court determined: (a) it was not probable that the evidence materially affected the jury's verdict, and (b) the trial judge provided a limiting instruction.

The Government further argues that United States v. Martinez, 182 F.3d 1107, 1112 (9th Cir.), cert. denied, 120 S.Ct. 358 (1999), supports admission of defendant Imai's prior 1991 conviction, despite different drugs, different criminal conduct, and a 16 year attenuation between defendant Imai's prior 1991 federal conviction and the pending case which arose in 2005. Although the prior convictions in Martinez involved different drugs

---

[1] United States vs. Keith Imai,et.al,Cr.No.90-01814ACK. Charging defendants William Chock, Cindy Chock, Keith Imai and Mary Imai with conspiracy to distribute cocaine between February 3, 1989 and July 20, 1989. Sixteen (16) years separates defendant Imai's two federal cases.

(first heroin and later methamphetamine), the trial court nonetheless found that the risk of unfair prejudice was outweighed by the probative value of the evidence. According to Martinez, there was a logical connection between the knowledge that would been gained from the prior crime and the knowledge at issue in the second case.

Arambula-Ruiz and Martinez, however, are readily distinguishable from the present case. In both Arambula-Ruiz and Martinez, the prior offenses were within five (5) years of the pending offense. In fact, in Martinez, the trial court examined the dates of the prior convictions, and specifically precluded several convictions because of attenuation between the old offenses and the pending case. In Arambula-Ruiz, the court cited United States v. Houser, 929 F.2d 1369, 1373 (9th Cir. 1990), and held that a conviction which occurred five years prior to the charge at issue was not too remote. In the instant case, defendant Imai's 1991 conviction for conspiracy to distribute cocaine arose from events occurring between February and July 1989, approximately sixteen (16) years prior to his present May 2005 arrest and indictment.

The Government well recognizes that admission of the defendant's Imai's 16 year old 1991 federal conviction for conspiracy to distribute cocaine will do far more than show evidence of "intent" and "knowledge". Admission of that 16 year old offense, notwithstanding a limiting instruction by the Court, will nonetheless effectively taint the jury's collective mind and deprive defendant Imai of a fair trial on the merits.

Based upon the foregoing argument and authority presented, this Court should preclude the Government from presenting evidence or argument regarding defendant Imai's prior arrest, plea and conviction.

DATED:   Honolulu, Hawaii, __10/20__, 2006.

_____
MYLES S. BREINER, ESQ.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Cr. No. 05-00189-01 DAE |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KEITH SEICHI IMAI,      (01)   ) | |
| ) | CERTIFICATE OF SERVICE |
| Defendant. ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing motion was served by hand delivering or mailing a copy of same, duly stamped, postage prepaid, from the United States Post Office at Honolulu, Hawaii, on the date of filing of said motion to:

      TO:   CHRIS THOMAS
              Assistant United States Attorney
              6100 PJKK Federal Building
              300 Ala Moana Boulevard
              Honolulu, Hawaii   96813

DATED:    Honolulu, Hawaii, __10/20__, 2006.

                                                  _____
                                                  MYLES S. BREINER, ESQ.