KEITH SEICHI IMAI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA, Plaintiff, v. KEITH SEICHI IMAI, (01) Defendant.

Cr. No. 05-00189DAE

DECLARATION OF COUNSEL

DECLARATION OF COUNSEL

1. I am the attorney for Defendant KEITH IMAI in the above-captioned case. The following is a summary of the continuances in the instant case and warrant consideration insofar as Defendant Imai now seeks to continue the trial in order to the address substantive issues presented by the Government's recent Brady/Giglio/Jencks disclosures, and arraignment of Defendant Imai on a Superseding Indictment on the date of trial (Nov. 21, 2006).

2. On April 14, 2005, Defendant Imai was arrested and a Criminal Complaint and Motion to Detain Without Bail was filed by the Government in the instant case.

3. On May 3, 2005, the Government's Motion to Detain Without Bail was granted and Defendant Imai was remanded to custody at the Honolulu Federal Detention Center to await trial in the instant case.

4. On May 12, 2005, an Indictment was issued in the instant case charging

Defendants Keith Imai, Jeffrey Kama, Shawna Kaulukukui, and Michael Miyasato with conspiracy to distribute crystal methamphetamine.

5. On June 22, 2005, the Government filed a Motion to Declare Case Complex, noting that "because the case involves wiretap evidence from 5 separate Wiretap Orders and over 7000 calls, and the extensive material discovered during the execution of the wiretap, and search warrants....that it is unreasonable to expect the parties to prepare for trial within the time limits set by the Speedy Trial Act..." Based on the Government's representations in their Motion, and statement to defense counsel that a Superseding Indictment was likely, the defendants did not object to the Motion and the case was continued from July 29, 2005 to Dec. 6, 2005, with the Court excluding the time from computation under the Speedy Trial Act.

6. On Nov. 7, 2005, the Court issued a second Order continuing trial and excluding time based on an oral motion to continue trial by counsel for Defendant Jeffrey Kama, with no objection by counsel representing the co-defendants or by the Government. The Government again informed defense counsel that a Superseding Indictment was pending. The Court excluded time from Dec. 6, 2005 to and including Feb. 22, 2006, from computation under the Speedy Trial Act.

7. On Jan. 23, 2006, the Court issued a third Order continuing trial and excluding time based on an oral motion to continue the trial date made by the Government, with an objection from Defendant Imai and with no objection by the remaining defendants. The Court granted the Government's oral motion to continue "based on the consideration of **contemplated Superseding Indictment** and that the case is designated as complex and a continuance allows counsel for Defendants the reasonable time necessary for effective

preparation...." The Court excluded time from Feb. 22, 2006 to an including July 5, 2006 from computation under the Speedy Trial Act.

8. On August 15, 2006, the Government filed a Stipulation and Order Continuing Trial and to Exclude Time in the instant case from July 5, 2006 to Oct. 31, 2006. In large part, the rationale for the Stipulation and Order was the Government's repeated representation that a Superseding Indictment was pending naming new defendants (Jay Nakamura and Russell Mizuguchi) and charging additional counts.

9. On October 20, 2006, eleven days prior to trial, the Government filed a Motion to Continue Trial, and over objection of Defendant Imai, the trial was continued to Nov. 21, 2006, with Motions in Limine set for Nov. 21 2006 at 9:00 a.m., and trial to begin on Nov. 28, 2006 before the Hon. David A. Ezra.

10. On Nov. 11, 2006, ten days prior to trial, the Government filed a Superseding Indictment, and set arraignment and plea for Nov. 21, 2006 at 10:00 a.m., before Mag. Kevin S. Chang. The Superseding Indictment only includes Russell Mizuguchi, and is silent on Jay Nakamura - both of whom are listed as Government witnesses in their case in chief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/20, 2006.

MYLES S. BREINER