IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00189DAE-01 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| KEITH SEICHI IMAI,        (01) | ) | DEFENDANT'S FOURTH MOTION |
| | ) | TO COMPEL DISCOVERY |
| Defendant. | ) | |

DEFENDANT'S FOURTH MOTION TO COMPEL DISCOVERY

Comes Now, KEITH SEICHI IMAI, Defendant herein, by and through his attorney, MYLES S. BREINER, and hereby moves this Honorable Court to order all items set forth herein. Authority in support of each request is set forth after each item.

A. The Court Should Order The Government to Disclose The Following As Soon As Possible:

1. Notice under F.R.C.P. rule 12(d)(2) of the Government's intention to use in its case-in-chief at trial any evidence which defendant may be entitled to discover under Rule 16.

2. All materials mandated by Rule 16 of the Federal Rules of Criminal Procedure and by Local Rule 345-1(a), including but not limited to:

3. The full and complete reports of all prior arrests and/or convictions of any witness testifying for the Government, including but not limited to **(a) Jeffery Kama, (b) Shawna Kaulukukui, (c) Michael Miyasato, (d) Russell Mizuguchi, (e) Jay Nakamura, (f) Jason Mitchell and (g) Gary Matsuo**; as well as any "prior similar act", or any other evidence

covered by Federal Rules of Evidence, Rule 609 and/or 404(b) that the government will seek to introduce at trial and the theory of its admission. See United States v. Cook, 608 F.2d 1175, 1186 (9th Cir. 1979) (en blanc), cert. denied, 444 U.S. 1034 (1980) ("advance planning" for ruling on motion in limine helps both parties and the court. "Trial by Ambush" is counterproductive); United States v. Foskey, 638 F.2d 517, 526 Note 8 (D.C. Cir. 1980) (Government should give defense adequate notice of 404(b) evidence).

4. All written or recorded statements (including the agents' rough notes) of Defendant Imai and any co-defendant or witness, including but not limited to: **(a) Jeffery Kama, (b) Shawna Kaulukukui, (c) Michael Miyasato, (d) Russell Mizuguchi, (e) Jay Nakamura, (f) Jason Mitchell and (g) Gary Matsuo**, to whomever and whenever made, and the substance of any oral statement, if not embodied in writing, including transcripts of all conversations/interviews between any **cooperating co-defendant, unindicted co-defendant, or cooperating witness** and the Government. If the statements are recorded, please provide a transcripts and audible copy of each recording. See United States v. Bailleux, 658 F.2d 1105, 1114 (9th Cir. 1982) ("Government should disclose any statement made by the defendant").

5. The arrest and conviction record of each prospective Government witness, including but not limited to: **(a) Jeffery Kama, (b) Shawna Kaulukukui, (c) Michael Miyasato, (d) Russell Mizuguchi, (e) Jay Nakamura, (f) Jason Mitchell and (g) Gary Matsuo**, including the docket number and jurisdiction of all pending cases. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (Criminal records of witnesses must be disclosed); Perkins v. Lefevre, 691 F.2d 616 (2d Cir. 1982) (reversible error to fail to disclose "rap sheet" of witness); United States v. Auten, 632 F.2d 478, 481-82 (5th Cir. 1980) (Criminal record of witness must be disclosed).

6. Any evidence that any prospective Government witness, including but

not limited to: **(a) Jeffery Kama, (b) Shawna Kaulukukui, (c) Michael Miyasato, (d) Russell Mizuguchi, (e) Jay Nakamura, (f) Jason Mitchell and (g) Gary Matsuo**, is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425, 428 (2d Cir.), cert. denied, 474 U.S. 945 (1985) (Government is under affirmative duty to disclose fact that government witness is under investigation).

7. A copy of any federal or state probation or pre-sentence report of any prospective witness, including but not limited to:**(a) Jeffery Kama, (b) Shawna Kaulukukui, (c) Michael Miyasato, (d) Russell Mizuguchi, (e) Jay Nakamura, (f) Jason Mitchell and (g) Gary Matsuo** . See United States v. Stifler, 851 F.2d 1197, 1201 (9th Cir. 1988).

8. **Any express or implied promise, understanding,** offer of immunity, reduction of sentence, consideration of sentence, or any other kind of agreement and/or understanding between any prospective Government witness and the government (federal, state and/or local), including but not limited to:**(a) Jeffery Kama, (b) Shawna Kaulukukui, (c) Michael Miyasato, (d) Russell Mizuguchi, (e) Jay Nakamura, (f) Jason Mitchell and (g) Gary Matsuo,** including any implied understanding relating to criminal or civil liability, State or Federal or eventual reduction in sentence or U.S.S.G. recommendation to the Court. United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986) (All benefits and promises); United States v. Risken, 788 F.2d 1361, 1375 (8th Cir. 1986) (Implied contingent fees); United States v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987) (Government required to disclose pre-trial all promises and inducements); Wood v. United States, 863 F.2d 417 (5th Cir. 1989) (proceeds from drug smuggling taxable as gross income earnings if later forfeited to government).

9. Full and complete disclosure of the of any witness' past, present or anticipated future assistance to the Government in this or any other criminal prosecution,

identifying the State or Federal case, and the nature of that cooperation, including but not limited to: **(a) Jeffery Kama, (b) Shawna Kaulukukui, (c) Michael Miyasato, (d) Russell Mizuguchi, (e) Jay Nakamura, (f) Jason Mitchell and (g) Gary Matsuo**. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir.) (Evidence that witness previously lied to authorities must be disclosed).[1]

10.  Any evidence that any prospective Government witness including but not limited to: **(a) Jeffery Kama, (b) Shawna Kaulukukui, (c) Michael Miyasato, (d) Russell Mizuguchi, (e) Jay Nakamura, (f) Jason Mitchell and (g) Gary Matsuo**, has ever made any false and/or misleading statements (whether or not under oath or penalty of perjury) to law enforcement authorities in conjunction with their cooperation in this case or any other criminal investigation. See United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir.) (Evidence that witness previously lied to authorities must be disclosed).

11.  Any evidence that any prospective witness, including but not limited to: **(a) Jeffery Kama, (b) Shawna Kaulukukui, (c) Michael Miyasato, (d) Russell Mizuguchi, (e) Jay Nakamura, (f) Jason Mitchell and (g) Gary Matsuo**, has made a contradictory or inconsistent statement with regard to this case or any other criminal investigation. McDowell v. Dixon, 858 F.2d 945, 949 (4th Cir. 1988), cert. denied, 109 S. Ct. 1172 (1989) (reversible error to withhold victim's prior inconsistent statement to police that attacker was white not black); United States v. Hibler, 463 F.2d 455, 460 (9th Cir. 1972) (Reversible error not to

---

[1] Counsel is informed that Government witnesses Gary Matsuo, Shawna Kaulukukui, Jason Mitchell, Michael Miyasato, Jay Nakamura, and Russell Mizuguchi have cooperated and provided assistance to the Government in this and other criminal cases/investigations, and are anticipating significant reductions in their final sentences and/or dismissal of their respective cases in exchange for that assistance.

disclose statement of police officer casting doubt on the story of the witness); Hudson v. Black, 601 F.2d 785, 789 (5th Cir. 1979) (Duty to disclose police officer's evidence refuting witness' statement that he identified defendant at lineup); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980) (Contradictory statements of witness must be disclosed); Lindsey v. King, 769 F.2d 1034, 1041-43 (5th Cir. 1985) (reversible error to withhold eyewitnesses original statement to police that he could not identify assailant).

13. Any evidence that any prospective Government witness, including but not limited to: **(a) Jeffery Kama, (b) Shawna Kaulukukui, (c) Michael Miyasato, (d) Russell Mizuguchi, (e) Jay Nakamura, (f) Jason Mitchell and (g) Gary Matsuo** is biased or prejudiced against the Defendant or has a motive to falsify or distort his/her testimony in order to avoid prosecution and/or minimize his/her criminal culpability in exchange for Government leniency or consideration. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir.1988).

13. Any evidence that any prospective Government witness, including but not limited to: **(a) Jeffery Kama, (b) Shawna Kaulukukui, (c) Michael Miyasato, (d) Russell Mizuguchi, (e) Jay Nakamura, (f) Jason Mitchell and (g) Gary Matsuo** has engaged in any criminal act or other bad acts or misconduct whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence; United States v. Boffa, 513 F.Supp. 444, 500 (D. Del. 1980) (prior bad acts ordered disclosed).

14. Any evidence that any prospective witness, including but not limited to: **(a) Jeffery Kama, (b) Shawna Kaulukukui, (c) Michael Miyasato, (d) Russell Mizuguchi, (e) Jay Nakamura, (f) Jason Mitchell and (g) Gary Matsuo** has ever engaged in any activity involving deceit, fraud, or false statements whether or not the activity resulted in an arrest or conviction. United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir. 1988) (false statements to

authorities); Rule 608(b), Federal Rules of Evidence;

B.      DUTY TO MAKE SPECIFIC INQUIRY

The defense also moves this court to order the prosecutor to make specific inquiry of each government agent and agency connected to the case for each of the above items, even if the agent or agency is outside the district of Hawaii. United States v. Bryan, 868 F.2d 1032, 1036-37 (9th Cir. 1989) (prosecutor deemed to have knowledge of, and access to, anything in possession, custody or control of any federal agency participating in same investigation of defendant even if outside of district of prosecution); United States v. Endicott, 869 F.2d 452, 455-56 (9th Cir. 1989) (knowledge of agents of additional payments to witnesses imputed to prosecutor); United States v. Butler, 567 F.2d 885, 889 (9th Cir. 1978) (Prosecutor responsible for promise made by agent to witness even if prosecutor did not know); United States v. Bailleux, 685 F.2d 1105, 1113 (9th Cir. 1982) (Tape in custody of FBI is deemed to be in custody of United States Attorney); United States v. Auten, 632 F.2d 478, 481 (5th Cir. 1980) (Information in files of federal agency is deemed to be in the possession of the prosecution) ;United States v. Jackson, 780 F.2d 1305, 1308 n.2 (6th Cir. 1986)(FBI's knowledge is attributable to prosecutor); Martinez v. Wainwright, 621 F.2d 184, 186 (5th Cir. 1980) (Rap sheet in medical examiner's file is deemed in custody of prosecution); Barbee v. Warden, 331 F.2d 842, 846 (4th Cir. 1964) (exculpatory ballistics report known only to police deemed to be in possession of prosecutor).

The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust respecting its duty to disclose favorable evidence. United States v. McLintock, 748 F.2d

1278, 1285 (9th Cir. 1984). Therefore, any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." United States v. Ramirez, 608 F.2d 1261 at n.6 (9th Cir. 1979).

C.   IN CAMERA INSPECTION

If the government refuses to disclose any of the above-identified items, or if it has doubts as to the propriety of disclosure, its duty is to submit the questioned material to the Court for its review. United States v. Lehman, 756 F.2d 725, 729 (9th Cir. 1985) (Prosecution must either disclose the material or submit it to the Court); United States v. Cadet, 727 F.2d 1453, 1470 (9th Cir. 1984).

The Defendant, therefore, moves this Court to order the government to submit for in camera inspection any such evidence.

D.   CONTINUING DUTY TO MAKE TIMELY DISCLOSURE

Finally, the Defendant moves this court to order continuing discovery of the above-mentioned items pursuant to Local Rule 345-1(c) and Federal Rule of Criminal Procedure Rule 16(c).

All items should be ordered disclosed well before trial. See United State v. Luc Lavasseur, 826 F.2d 158 (1st Cir. 1987); United States v. Bailey, 689 F.Supp. 1463, 1472 (N.D. Ill.1987) (Exculpatory evidence ordered produced "immediately").

DATED: Honolulu, Hawaii, 11/20, 2006.

/s/ Myles S. Breiner
MYLES S. BREINER

Attorney for Defendant
KEITH SEICHI IMAI