IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-00189-01 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH SEICHI IMAI, | ) | |
| | ) | MEMORANDUM IN SUPPORT |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT

I.

**POST-ACCUSATION DELAYS BY THE GOVERNMENT VIOLATED DEFENDANT'S RIGHT TO SPEEDY TRIAL**

The right of a criminal defendant to a speedy trial is fundamental. The due process clause of the Fifth Amendment to the Constitution protects the criminal defendant from prejudicial, intentional pre-accusation delay. The Sixth Amendment protects the defendant's right to a speedy trial once he has been arrested. Under the Sixth Amendment, the court is directed to consider the length of and the reasons for the delay, whether and how the defendant asserted his right to a speedy trial, and the

4

amount of prejudice that the defendant suffered.[1]

The Speedy Trial Act of 1974 transcends the balancing test to be applied in a constitutional analysis of post-accusatory delay and sets specific time limits between the various stages of federal criminal proceedings. For example, an indictment or information must be filed within thirty (30) days of the date of the arrest or service of the summons upon the defendant.[2] Upon a plea of not guilty, trial must commence within seventy (70) days from the filing date of the information or indictment or from the date the defendant appeared before a judicial officer of the court where the charge is pending, whichever is latest.[3]

From a practical standpoint, a speedy trial is vital to a criminal defendant. A defendant who is unable to make bail and is incarcerated is generally interested in being brought to trial as soon as possible. For the defendant released on bail, the specter of a criminal indictment is a shroud which envelopes his entire existence. While a defendant - particularly an individual facing a long period of incarceration -

---

[1]Barker v. Wingo, 407 U.S. 514, 530, 97 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 117 (1972); See, United States v. Gregory, 322 F.3d. 1157 (9th Cir. Haw. 2003); United States v. Tanh Huu Lam, 251 F.3d. 852, 855 (9th Cir. 2001); United States v. Martinez, 77 F.3d. 332, 335 (9th Cir. 1996); United States v. Dixon, 509 U.S. 688, 705 (1993); United States v. Turner, 926 F.2d. 883, 889 (9th Cir. 1991); United States v. Valentine, 783 F.2d. 1413, 1417 (9th Cir. 1986).

[2]18 U.S.C. §§3161-3174 (1982)

[3]18 U.S.C. §3161(c)(1) ) (1982)

is awaiting trial, he faces anxiety, familial conflicts, and economic crisis. As time passes, witnesses for both sides may leave the jurisdiction or die; memories may fade and evidence may disappear or dissipate.

From the prosecutor's perspective, however, delay may have significant tactical advantages. The appearance and demeanor of a defendant is undoubtedly affected by an extended period of pretrial incarceration.  More importantly, suspects under investigation but not yet arrested and co-defendants awaiting trial,  may feel pressure from the Government and/or law enforcement to  give a confession and cooperate, when under other circumstances they would remain silent. In fact, it is not uncommon for a prosecutor who has arrested one co-defendant who clearly wants to proceed to trial, seek to delay the trial until the other co-defendants can be  located and/or convinced to cooperate.

Under the Speedy Trial Act, the defendant's claim of speedy trial violation is analyzed differently than if the claim is based on the Fifth or Sixth Amendments. Under the Act, the court must apply specific time limits, as compared with the flexible standards and multiple factors considered under a constitutional analysis.  This is not accidental, as Congress' intent in passing the Act was to circumvent the United States Supreme Court's opinion in <u>Barker v. Wingo</u> , and to put teeth in the speedy trial

6

guarantee. [4]

While the Speedy Trial Act sets time limits, it also provides that certain types of delay should be excluded from the computation of time. It lists a number of specific periods which are excludable from the time computation.[5] These periods of time automatically toll the date for commencement of trial without the need to demonstrate actual delay. The Act exempts those delays which result from the absence or unavailability of the defendant or an essential witness, from other proceedings involving the defendant, and joinder with a co-defendant for whom the time for trial has not run.

The Act also permits the court to exclude delays attributable to any continuance that is granted because, as in the instant case, "the ends of justice" outweigh the interests of the public and the defendant in a speedy trial.[6] The Act also requires the district court to place on the record its reasons for its "ends of justice" determination. In United States v. Martin, 742 F.2d 512, 514 (9thCir. 1984), the court noted that a continuance under 18 U.S.C. §3161(h)(8)(A) requires an explicit finding that the "ends of justice" served by the delay outweigh the interest of the public and the defendant

---

[4]See H.R. Rep. No. 1508, 93d Cong., 2d Sess. 11 (1974), reprinted in U.S. Code Cong. & Ad. News 7401, 7404-05.

[5]18 U.S.C. §3161(h) (1982)

[6]18 U.S.C. §3161(h)(8)(A) (1982)

in a speedy trial. The exclusion must be used only where necessary, and may not be granted as a matter of course.

Finally, the Act mandates that if a defendant is neither indicted nor brought to trial within the set time limits, the charge must be dropped or the indictment dismissed upon the defendant's motion.[7]  The defendant bears the burden of proof on such a motion, and will have to prove that the delay resulted in actual prejudice and that it was intentional and/or improperly motivated.[8]

II.

## INTENTIONAL IMPROPERLY MOTIVATED POST-ACCUSATION DELAY BY THE GOVERNMENT VIOLATED DEFENDANT IMAI'S RIGHT TO SPEEDY TRIAL AND RESULTED IN AN UNFAIR TACTICAL ADVANTAGE

The instant case involves intentional improperly motivated post-accusation delay by the Government.  The Government obtained a tactical advantage at trial by intentionally delaying the superseding indictment to secure the cooperation of co-defendants Shawna Kalukukui and Michael Miyasato and unindicted co-conspirators Jay Nakamura and Russell Mizuguchi.

### POST-ACCUSATION DELAY

In analyzing Defendant Imai's claimed Sixth Amendment violation, the

---

[7] 18 U.S.C. §3161(a)(1) (1982)

[8] 18 U.S.C. §3161(a)(2) (1982). See also, United States v. Fielding, 645 F.2d 719, 723 (9th Cir.1981).

8

federal courts apply the four-part test originally set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct.2182, 33 L.Ed.2d 101 (1972). The four factors to be balanced are (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. [9]

**Length Of Delay**

The triggering point for the measurement of the length of the delay for speedy trial purposes is the earlier of the date of indictment or the date of arrest. The Sixth Amendment speedy trial guarantee is triggered by arrest only if the arrest leads to formal charges. [10]  The first Barker factor, the length of the delay, is a threshold issue[11].  In United States v Gregory, 322 F.3d 1157 (9th Cir. Haw. 2003),the court found that the defendant "must show that the period between indictment and trial passes a threshold point of 'presumptively prejudicial' delay," and if he does then the court proceeds to the other Barker factors.  Although there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial[12].

---

[9]See, United States v. Gregory, 322 F.3d 1157 (9th Cir. Haw. 2003).

[10]Defendant Keith Seichi Imai was arrested on a federal warrant in Hilo, Hawaii on April 14, 2005, initial appearance in Federal District Court on the same day, ordered detained without bail on April 27, 2005, and indicted on May 12, 2005.

[11] United States v Beamon, 922 F.2d 1009, 1012, (9th Cir. 1993) .

[12] In the Ninth Circuit the courts have found that a six month delay is a "borderline case," although there is a general consensus among the courts of appeal that eight months constitutes the threshold minimum. See, Lam, 251 F.3d at 856 & n.5 (citing Valentine, 783 F.2d at 1417 and

9

In the instant case, Defendant Imai was arrested on April 14, 2005 on federal drug conspiracy and possession charges.  Approximately eighteen (18) months have expired between Defendant's arrest on April 14, 2005 and his trial date of Nov. 28, 2006.[13]  During this extended period of time Defendant Imai's trial date has been continued repeatedly in large part at the Government's request that a superseding indictment was pending.

**Reasons For Delay**

The second aspect of the four-part Barker analysis considers the government's articulated reasons for delay.  The court opined that different weight should be assigned to different reasons for delay.[14] Citing United States v. Marion, 404 U.S. 307, 92. S.Ct. 455. 30 L.Ed.2d 468 (1971), the Court in Barker stated that a deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. The Court also suggested that courts should weigh a  more neutral reason, such as negligence or overcrowded courts, less heavily, but nevertheless should consider such reasons since the ultimate responsibility for such

---

Beamon, 992 F.2d at 1013).

[13] On Nov. 21, 2006, Defendant Imai moved to continue trial based on the Superseding Indictment and newly disclosed Jencks material on the eve of trial (appox.1000 pages). Trial is now set for March 20,  2007).

[14] Barker, 407 U.S. at 531, 92 S.Ct. At 2192, 33 L.Ed.2d at 117.

10

circumstances rests with the government rather than with the defendants.    For

example, in <u>Arrant v. Wainwright</u>, 468 F.2d 677 (5th Cir. 1972), cert .denied, 410 947,

93 S.Ct. 1369, 35 L.Ed.2d 613 (1973), the prosecutor testified that the reason behind

a fifteen-month delay of the trial was the perceived weakness of the case against the

defendant.

In <u>United States v. Gregory</u>, 322 F.3d. 1157 (9th Cir. 2003) the court found that

neither the government nor the defendant challenged the district court's evaluations

of the second and third <u>Barker</u> factors, and adopted the district court's conclusions,

and determined that the government's negligence, which is the reason for the delay,

weighed in the defendant's favor.

Delays found to be caused by the operation of the criminal justice system, or

"institutional delays," are more likely to be weighed against the prosecutor, but not

heavily.    Such reasons are: congested docket or crowded calendar, or other delays

attributable to the court, excessive workload of the prosecutor, the complexity of the

case, parties' involvement in plea negotiations, and delays  due to government

negligence such as a prosecutor's negligence in bringing the defendant to trial, in re-

indicting the defendant, or in locating material witnesses.

The final class of delays entails those deliberate attempts by the prosecutor to

impede the defense .  Examples of this type of behavior include: the prosecutor's

11

failure to comply with discovery orders, failure to notify defendant of superseding indictments, intentional misinformation given by the government to the defendant such as delaying the testimony of a co-defendant to compromise defendant or other intentional tactical delay.[15]

### Timeliness of Defendant's Actions

The failure of a defendant to assert his speedy trial rights will not necessarily defeat a claimed violation, nor will it constitute a waiver of that right. However, failure to assert that right or a dilatory assertion of defendant's speedy trial right will undercut his contention and make it more difficult for the defendant to prove he was denied a speedy trial.

### Prejudice Suffered By The Defendant

The fourth and final criterion applied in the Sixth Amendment analysis under <u>Barker</u> is the amount of prejudice suffered by the defendant. In <u>Barker</u>, the court stated that this prejudice should be assessed in light of the interests which the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. Of these three interests, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the

---

[15]See <u>United States v. Didier</u>, 542 F.2d 1182, 1187 (2n Cir. 1976).

12

entire system.[16]

In <u>Gregory</u>, the defendant failed to demonstrate any actual prejudice resulting from the government's delay. According to the court, neither the possibility that the government might use prior convictions for impeachment purposes nor the possibility that the defendant may have lost the opportunity to have his offenses grouped or his sentences served concurrently are the types of prejudice that violate the defendant's right against excessive delay. <u>Id</u>. 322 F.3d. 1157 (9th Cir. 2003)

In the instant case, following Defendant Imai's arrest on April 14, 2005, the Government maintained that a superseding indictment was "about" to be filed. The Government's representations about a pending superseding indictment prompted Defendant Imai (as well as the other co-defendants) to repeatedly waive his right to speedy trial.    In retrospect, Defendant Imai's waiver of his speedy trial rights allowed the Government the opportunity to shore up an otherwise weak circumstantial evidence case. This is particularly troubling in light of the Government's recent decision, more than eighteen months after Defendant's arrest and less than a week prior to trial, to: (1) issue a superseding indictment charging Defendant Imai with new

---

[16] See <u>Barker</u>, 407 U.S. at 532, 92 S.Ct. At 2193, 33 L.Ed.2s at 118; and <u>Doggett v. United States</u>, 505 U.S. 647, 656 (1992)(actual prejudice is typically demonstrated in three ways: oppressive pretrial incarceration, anxiety of the accused, and the possibility the defense will be impaired).

13

counts, and (2) delay disclosure of their witnesses until they had secured the cooperation of the new "unindicted" co-conspirators Jay Nakamura and Russell Mizuguchi.

The Court's repeated continuation of Defendant Imai's trial now appear to have been predicated on intentional (dis)information by the Government for the improper purpose of obtaining a tactical advantage over the defense.   The Government's decision to  delay the trial under the guise of a "pending" superseding indictment provided the Government the needed time to perfect its case and negotiate cooperation agreements with both indicted (Shawna Kaulukukui and Michael Miyasato) and unindicted co-conspirators (Jay Nakamura and Russell Mizuguchi) - all to Defendant Imai's detriment.

## CONCLUSION.

Based on the foregoing arguments and authorities, the attached declaration, and the information to be adduced at the hearing on this motion, this Court should dismiss the indictment because of prosecutorial misconduct.

DATED: Honolulu, Hawaii, _____, 2006.

_____
MYLES S. BREINER
Attorney for Defendant

14