EDWARD H. KUBO, JR.    #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI    #2286
Chief, Narcotics Section

CHRIS A. THOMAS    #3514
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:     Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00189-01 DAE |
| Plaintiff, | ) ) ) | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO |
| vs. | ) ) | DISMISS FOR PROSECUTORIAL MISCONDUCT; CERTIFICATE OF |
| KEITH SEICHI IMAI, | ) ) | SERVICE |
| Defendant. | ) ) ) ) ) ) | Date: February 20, 2007<br>Time: 9:00 a.m.<br>Judge: Honorable David Alan Ezra |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS FOR PROSECUTORIAL MISCONDUCT**

The United States of America, by and through its undersigned counsel (hereinafter referred to as the "Government"), submits this memorandum in opposition to Defendant

Keith Seichi Imai's Motion to Dismiss for Prosecutorial Misconduct (hereinafter "Defendant's Motion").

**I.    RELEVANT FACTS**

On April 14, 2005, a complaint against Defendant Keith Imai and a Motion to Detain Without Bail was filed by the government. On April 27, 2005, the government's Motion to Detain was granted and Defendant Imai was remanded to the custody of the U.S. Marshal and confined at the Honolulu Federal Detention Center.

On May 12, 2005, an Indictment was returned by the Grand Jury against Defendant Imai and co-defendants Jeffrey Kama, Shawna Kaulukukui and Michael Miyasato. On May 25, 2005, Defendant Imai was arraigned. Defendant Imai entered pleas of Not Guilty to all counts and a trial was set for July 19, 2005.

On June 22, 2005, the government filed a Motion to Declare the Case Complex under the Speedy Trial Act. The hearing was held on July 8, 2005, and there was no opposition to the governments motion by the defendants. The Court excluded the time from July 19, 2005 to December 6, 2005 pursuant to 18 U.S.C. 3161(h)(8)(A). As stated in the Order Granting Government's Motion to Declare Case Complex Under the Speedy Trial Act, filed July 7, 2005, "The Court finds, given the number of Defendants, the voluminous nature of the discovery and the difficulty of

2

defending a client within a complex narcotics case, that it is necessary to continue the trial in this matter."

At this juncture in the case, with the intention of keeping open lines of communication, the government represented to counsel for the defendants that the government intended to supersede on the Indictment at some point in the future. The government informed that there would probably involve additional defendants related to drug distribution and made no reference with regard to the time frame as to when the Superseding Indictment would be sought.

On November 7, 2005, a Final Pretrial Conference was held and Counsel for Defendant Jeffrey Kama made an oral motion to continue the trial which was granted by the Court with no objection by counsel for co-defendants. The Court issued a second Order continuing trial and excluding time. As stated in the Order filed November 16, 2005, the Court excluded the time from December 6, 2005 to February 22, 2006 pursuant to 18 U.S.C. 3161(h)(8)(A).

On January 23, 2006, the Court issued a third Order continuing the trial and excluding time based on an oral motion by the government to continue the trial date. Defendant Keith Imai objected to this continuance. As stated in the Order filed January 27, 2006, the Court excluded the time from February 22, 2006 to July 5, 2006 pursuant to 18 U.S.C. 3161(h)(8)(A).

3

On August 15, 2006, a Stipulation and Order continuing trial from July 5, 2006 to October 31, 2006 was filed. All parties agreed to the continuance. As stated in the Order filed August 15, 2006, the Court excluded the time from July 5, 2006 to October 31, 2006 pursuant to 18 U.S.C. 3161(h)(8). This continuance was based on the fact that new counsel for co-defendant Michael Miyasato was appointed on May 16, 2006.

On October 17, 2006, co-defendant Shawna Kaulukukui entered a plea of guilty to Counts 1 and 16 of the Indictment.

On October 20, 2006, co-defendant Michael Miyasato entered a plea of guilty to Counts 1, 18 and 19 of the Indictment.

The government was ready to proceed to trial on October 31, 2006, and was prepared to present the Superseding Indictment to a Grand Jury during the week of October 17, 2006. However, based on an extended ongoing criminal jury trial that was occurring with the assigned Court, the government was informed that the next available trial date would be November 21, 2006. Based on that understanding, the government filed a Motion to Continue Trial Date on October 20, 2006 and the government's motion was granted at a hearing on October 26, 2006. The Court issued its Order on October 31, 2006 in which the Court excluded the time period from October 31, 2006 to November 21, 2006 pursuant to 18 U.S.C. 3161(h)(8)(A) and (B).

On November 16, 2006, a Superseding Indictment was returned which added Russell Mizuguchi as an unindicted co-conspirator to Count 1 of the original Indictment. In addition, Defendant Imai was charged with four additional counts of an unlawful use of a communications facility in violation of 21 U.S.C. §843(b), and two additional counts of criminal forfeiture in violation of 21 U.S.C. §853.

On November 20, 2006, counsel for Defendant Imai filed a Motion to Continue which was granted by the Court on November 21, 2006. The Court issued its Order on November 22, 2006 in which the Court excluded the time period from November 28, 2006 to March 20, 2007 pursuant to 18 U.S.C. 3161(h)(8)(A)and(B).

## II. ARGUMENT

    A.    Since the Setting of the Initial Trial Date All Time Periods until the Present Trial Date Were <u>Properly Excludable under the Speedy Trial Act.</u>

The Indictment was returned by the Grand Jury in this case on May 12, 2005. The trial date based on that initial Indictment was set for July 19, 2005. Subsequent to the initial setting of the trial date, trial in this matter was continued on 6 occasions. All of the time periods since the setting of the initial trial date was excluded by the Court by its Order pursuant to 18 U.S.C. § 3161.

    B.    There Was No Violation of Defendant Imai's Speedy <u>Trial Rights</u>

The claim of a violation by a Defendant of his Sixth Amendment Speedy Trial Rights is evaluated by an evaluation of applying a balancing test involving four factors: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right to a speedy trial; and 4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

1. The Length of the Delay

The initial continuance in this case was based on the declaration of the case as complex. This continuance resulted in a delay of approximately 6 months from July 19, 2005 to December 6, 2005. There was no objection by the Defendants to this continuance.

The second continuance in this case was based on an oral motion to continue by Defendant Kama. This continuance resulted in a delay of approximately 3 months from December 6, 2005 to November 16, 2005. There was no objection by the co-defendants to this continuance.

The third continuance in this case was based on an oral motion to continue by the government. This continuance resulted in a continuance of approximately 5 months from February 22, 2006 to July 5, 2006. There was an objection by Defendant Imai to this continuance and no other defendant objected to this continuance. The basis for this continuance were pending resolutions of the case as to co-defendants Jeffrey Kama, Shawna

6

Kaulukukui and Michael Miyasato all of whom had given initial statements upon their arrest in May of 2005 and were contemplating entry of guilty pleas.  In addition, the government was investigating the forfeiture of Defendant Imai's residence and informed Defendant's counsel of its actions.  The residence in which Defendant resided was apparently owned by Defendant's father.  The government was investigating the ownership of the residence.  Defendant Imai's counsel provided the government with the documentation of apparent ownership of the residence by Defendant's father.  The government used the period of that delay to confirm and to further verify its criminal forfeiture claim against Defendant Imai which would impact the charges that were contained in a Superseding Indictment.  At all times, the government was open and forthright as to its intentions and its conduct of the investigation with counsel for Defendant Imai.  Mutual travel arrangements were even attempted with counsel for Defendant Imai during this time period to investigate the legal ownership status of the Defendant's residence on the Big Island.  There was no intention of actions by the government that would amount to intentional delay or misconduct.

The fourth continuance was based on a stipulation by all parties.  This continuance resulted in a delay of approximately 3 months from July 5, 2006 to October 31, 2006.  There was no objection by any of the co-defendants to this

7

continuance. A major reason for this continuance was based on the withdrawal of Defendant Miyasato's counsel and the appointment of new counsel.

The government was ready to proceed to trial on the scheduled date of October 31, 2006. The government made a decision not to proceed with a criminal forfeiture of Defendant Imai's residence. The comtemplated Superseding Indictment was therefore going to proceed on the grounds of additional defendants and charges. During the course of adding the two defendants to the contemplated Superseding Indictment, contact was established with counsel for Jay Nakamura to inform him of the impending charges and the government was informed that he would be entering a plea of guilty to the charges. Russell Mizuguchi was cooperating with the government since the time period of the original Indictment.

The fifth continuance was based on court congestion since there was an ongoing trial that was contemplated to be very lengthy and a trial date was assigned in this case for November 21, 2006.

The last continuance was based on a motion by Defendant Imai.

   2. The Reason for the Delay and the Assertion of Speedy Trial Rights

  Based on the above facts, a closer look of the length of the delay attributable to the government shows that the only period that was objected to by Defendant Imai was for a period of approximately 5 months from February 22, 2006 to July 5, 2006. The basis of the delay was to investigate the legal ownership status of Defendant Imai's residence and that investigation resulted in a favorable decision to Defendant Imai. No criminal forfeiture count of his residence was added to the Superseding Indictment as a result of that investigation.

   3. There Was No Actual Prejudice to Defendant Imai

  Prejudice should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. Barker, supra, 407 U.S. at 532. The prejudice with which the court is concerned is prejudice caused by the delay that triggered the Barker inquiry, not simply any prejudice that may have occurred before the trial date by unrelated to the fact of the delay itself. See Id. At 534. See also, United States v. Guerrero, 756 F.2d 1342, 1350 (9th Cir. 1984)(Sixth Amendment claim failed where the defendant has not sufficiently shown any causal relationship between the delay and the unavailability if

9

two witnesses who the defendant claims would have testified to being with him on the day of the robbery)

The prejudice in this case alleged by the defendant is that the time period allowed the government to secure the cooperation of the new unindicted co-conspirators. However, that arguments fails because Russell Mizuguchi had cooperated with the government during the time period of the initial indictment. In addition, Jay Nakamura also gave an unprotected statement which was self incriminating in September of 2005. Therefore, the government did not have to "secure" their cooperation. The government has no control over whether a defendant wants to cooperate or decides to plead guilty. That decision was made by those individuals on their own accord.

### III. CONCLUSION

For the aforesaid reasons, the Defendant's Motion should be denied. There was no intentional delay of the Superseding Indictment.

DATED: Honolulu, Hawaii, February 15, 2007.

EDWARD H. KUBO, JR.
United States Attorney

By _____
CHRIS A. THOMAS
Assistant U.S. Attorney