IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )        CR NO 05-00189-01 DAE
                             )
            Plaintiff,       )
                             )
    vs.                      )
                             )
KEITH SEICHI IMAI,           )
                             )
            Defendant.       )
_____ )

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS FOR PROSECUTORIAL MISCONDUCT

The Court heard Defendant's Motion on February 20, 2007.  Chris

Thomas, Assistant United States Attorney, appeared at the hearing on behalf of

Plaintiff; Myles S. Breiner, Esq., appeared at the hearing on behalf of Defendant.

After reviewing the motion and the supporting and opposing memoranda, the Court

DENIES Defendant's Motion to Dismiss for Prosecutorial Misconduct.

BACKGROUND

On April 14, 2005, a complaint against Defendant and a Motion to

Detain Without Bail was filed by the Government.  The Court granted the motion

on April 27, 2005,  and Defendant was remanded to custody to await trail.  On

May 12, 2005, an Indictment was issued charging Defendant, and Co-Defendants

Jeffrey Kama, Shawna Kaulukukui and Michael Miyasato with conspiracy to distribute crystal methamphetamine.  Defendant pled not guilty and trial was set for July 19, 2005.

On June 22, 2005, the Government filed a motion to declare the case complex.  There were no oppositions to the motion and the Court granted the motion on July 8, 2005.  The trial was thus continued from July 2005 to December 6, 2005, excluding the time from computation under the Speedy Trial Act.  The Government represented to counsel for Defendants that a Superseding Indictment was likely, and that it would probably include additional defendants related to the drug distribution.

At the Final Pretrial Conference on November 7, 2005, counsel for Co-Defendant Jeffrey Kama made an oral motion to continue the trial.  There were no objections by the co-defendants.  The Court granted the motion and continued the trial to February 22, 2006, excluding the time under the Speedy Trial Act. According to Defendant's counsel, the government again informed Defendant that a Superceding Indictment was pending.

Upon a motion by the Government, which was objected to by Defendant, the Court continued the trial again to July 5, 2006, excluding time

under the Speedy Trial Act.   The order was based in part on the Government's

representation of a contemplated Superseding Indictment.

On August 15, 2006, all parties stipulated to continue trial to October

31, 2006, excluding time under the Speedy Trial Act.  Defendant asserts that the

stipulation was agreed to based in large part on the Government's representation

that a Superseding Indictment was pending naming new defendants (Jay Nakamura

and Russell Mizuguchi) and new counts.  The Government asserts that the

stipulation was necessary because new counsel for Co-Defendant Michael

Miyasato was appointed on May 16, 2006.

Co-Defendants Shawna Kaulukukui and Michael Miyasato entered

guilty pleas in October 2006.  The trial was continued to November 21, 2006,

excluding Speedy Trial Act time, based upon the unavailability of the Court due to

an extended ongoing criminal jury trial in another case.

On November 16, 2006, the Government filed a Superseding

Indictment, which charged Defendant with additional counts, but did not name new

defendants**,** such as Jay Nakamura and Russell Mizuguchi.  Mizuguchi, however,

was listed in the Superceding Indictment as an unindicted co-conspirator and the

new counts were based upon Defendant's communications with Mizuguchi.

Nakamura and Mizuguchi are listed as Government witnesses for their case in

3

chief.  On November 20, 2006, Defendant filed a motion to continue trial, which was granted.  The trial was continued to March 20, 2007, excluding time under the Speedy Trial Act.

Defendant filed his Motion to Dismiss for Prosecutorial Misconduct on November 24, 2006.  Defendant contends that the Government intentionally delayed filing the Superseding Indictment to secure the cooperation of Co-Defendants Shawna Kaulukukui and Michael Miyasato and unindicted co-conspirators Jay Nakamura and Russell Mizuguchi.  The Government filed an opposition on February 15, 2007.

<u>DISCUSSION</u>

Defendant claims that his Sixth Amendment Speedy Trial rights have been violated based upon intentional improperly motivated post-accusation delay by the Government.

In analyzing such a claim, the Court applies a balancing test involving the following four factors:  (1) length of delay, (2) reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant.  <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972).  The factors are related and "must be considered together with such other circumstances as may be relevant."  <u>Id.</u> at 533.

4

1.    <u>Length of Delay</u>

   The first factor to consider is the length of delay.  "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." <u>Id.</u> at 530.  "If, however, the threshold showing is made, the court considers the extent to which the delay exceeds the threshold point in light of the degree of diligence by the government and acquiescence by the defendant to determine whether sufficient prejudice exists to warrant relief." <u>United States v. Beamon</u>, 992 F.2d 1009, 1012 (9th Cir. 1993).

   Here, since Defendant's arrest in mid-April 2005, the trial has been continued several times, to the latest date of March 20, 2007, resulting in a total delay of 23 months.  Although, a nearly two-year delay could be considered prejudicial for a simple street crime, a serious, complex conspiracy case, such as this one, can tolerate a longer delay.  <u>Barker</u>, 407 U.S. at 530.  Indeed, other courts have found that a greater than five-year delay between arrest and trial did not amount to a speedy trial violation in light of other factors.  <u>Id.</u>  However, in order to reach that conclusion the court considered the other factors.  Although 23 months for a complex, conspiracy case boarders on being presumptively prejudicial, it is not unusual.  This Court will consider and weigh the other factors of the test.

2.    Reasons for Delay

In this case, it is clear that the total amount of delay from the six continuances is not entirely attributable to the Government, and most of the continuances were not objected to by Defendant.  Specifically, Defendant filed the most recent motion to continue trial, which accounts for four months of the 23-month delay.  Co-Defendant Kama made a motion to continue the trial, which was not objected to by Defendant, and which resulted in an approximate two-and-a-half-month delay.  Defendant stipulated to another continuance, which resulted in a delay of nearly four months.  One reason for that continuance was the withdrawal of Co-Defendant Miyasato's counsel and the appointment of new counsel. Defendant also did not object to the Government's motion to designate the case as complex and continue the trial, which led to the first continuance of approximately six months.  Finally, one continuance of approximately three weeks was due to court congestion since there was an ongoing criminal trial.

The only continuance that Defendant did object to was a continuance of five months.  The Government asserts that this continuance was necessary because the co-defendants were contemplating entering guilty pleas.  In addition, the Government used this period to investigate the true ownership of Defendant's residence, to possibly bring a criminal forfeiture proceeding in the pending

6

Superseding Indictment.  The Government states that Defendant's counsel was aware of this investigation and provided the documents apparently showing that Defendant's father owned the residence.  After its investigation, the Government decided not to add a criminal forfeiture for Defendant's residence to a Superseding Indictment.  In this respect, Defendant benefitted from the delay.

3.    Defendant's Assertion of His Rights

"The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. . . . failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." Id. at 531-532.

Here, as set forth above, Defendant only objected to one continuance of approximately five months.  Defendant did not otherwise assert his right to a speedy trial.

4.    Prejudice to Defendant

Prejudice . . should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.  Of these, the most serious is the last, because

7

the inability of a defendant adequately to prepare his case skews
the fairness of the entire system.

Id. at 532.

Defendant alleges that the delay allowed the Government to obtain the cooperation of two unindicted co-conspirators, Mizuguchi and Nakamura. The Government contends that the delay did not result in the cooperation of Mizuguchi and Nakamura, but that those two persons had cooperated with the Government all along, during the time period of the initial indictment. Specifically, Nakamura gave a self-incriminating statement in September 2005, which was during the period of the first continuance based upon the complexity of the case.

Accordingly, this Court finds that the Government did not intentionally seek continuances of the trial date in order to secure cooperation of Mizuguchi and Nakamura, since those individuals had already provided some cooperation with the Government. Moreover, the fact that Government may have tried to turn co-defendants or unindicted co-conspirators against Defendant is not a basis for prosecutorial misconduct, as it is Congress' intent to allow the government to engage in such conduct. Thus, Defendant has not established prejudice.

5.    <u>Balancing</u>

Although the length of the delay militates slightly in Defendant's favor, this Court finds that the second, third and fourth factors weigh against him. Specifically, although "[a] deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government," <u>Barker</u>, 407 U.S. at 531, Defendant presented no evidence from which this Court could construe improper motives on the government's part. Indeed, the vast majority of the delay (approximately 17 of the 23 months) was due to either the fact that the case was designated complex, that a co-defendant's counsel withdrew, court congestion, or Defendant's own motion. Furthermore, Defendant only objected to one continuance of five months and did not object to any of the other five continuances. Moreover, Defendant actually benefitted from this delay since the Government decided not to bring a criminal forfeiture charge for his residence in the Superceding Indictment. Finally, Defendant has not established that the Government gained any advantage that would prejudice him at trial because of the delay. Thus, there is no evidence to suggest that the Government purposefully lied or engaged in trickery to obtain Defendant's consent to continuances of the trial. Indeed, at the hearing, Defendant's counsel stated that the Government's counsel

had been open and honest with the status of the case.  Therefore, Defendant's

motion is DENIED.

CONCLUSION

For the reasons stated above, the Court DENIES Defendant's motion

to dismiss for prosecutorial misconduct.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 20, 2007.



_____
David Alan Ezra
United States District Judge

United States v. Imai, CR No. 05-00189-01 DAE; ORDER DENYING
DEFENDANT'S MOTION TO DISMISS FOR PROSECUTORIAL
MISCONDUCT