ORIGINAL

EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS      #3415
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR - 9 2007

at 4 o'clock and 30 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00189-01 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date: March 9, 2007 |
| | ) | Time: 2:30 p.m. |
| KEITH SEICHI IMAI, (01) | ) | Judge: Honorable Kevin S.C. Chang |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, KEITH SEICHI IMAI, and his attorney, Myles Breiner, Esq., have agreed upon the following:

1.   Defendant acknowledges that he has been charged in the Superseding Indictment with violating Title 21, United States Code, Sections 841(a)(1), 843(b), and 846, and 853.

191

2. Defendant has read the charges against him contained in the Superseding Indictment, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter voluntary pleas of guilty to Counts 1, 19 and 20 of the Superseding Indictment charging him with conspiracy to distribute 50 grams or more of methamphetamine (Count 1) and criminal forfeiture (Counts 19 and 20). The prosecution agrees to move to dismiss the remaining counts of the Superseding Indictment as to Defendant after sentencing. In addition, notwithstanding the guideline sentencing range computation for Defendant Keith Imai, there will be a joint recommendation by the government and defendant's counsel that Defendant receive 120 months of confinement.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters these pleas because he is in fact guilty of conspiracy to distribute 50 grams or more of methamphetamine as charged in Count 1 and consents to the forfeiture of the cash amounts as charged in Counts 19 and 20 of the Superseding Indictment, and agrees that these pleas are voluntary and not the result of force or threats.

7. Defendant understands that the penalties for the offenses to which he is pleading guilty include:

**As to Count 1:**

(a) A mandatory minimum term of imprisonment of twenty years and up to life;

(b) A fine of up to $8,000,000; and

(c) A term of supervised release of not less than ten years and up to life;

**As to Count 19:**

(1) Forfeiture of $5,486 in United States Currency.

**As to Count 20:**

(1) Forfeiture of $7,285 in United States Currency.

At the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled

substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).]

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

During the period from on or about January 1, 2004, to and including April 2005, Defendant Keith Imai (hereinafter "Defendant") did enter into an agreement with his co-defendants, and others, to distribute methamphetamine in Hawaii. During this time period, Defendant possessed with intent to distribute, and did distribute, a total of approximately 95.7 grams of actual methamphetamine that was seized by law enforcement officers on the following dates:

On or about December 4, 2004, Defendant distributed to co-defendant Jeffrey Kama 26.4 grams of methamphetamine. The methamphetamine was submitted for laboratory analysis which resulted in a positive finding for methamphetamine with a purity of 96%.

On or about December 10, 2004, Defendant distributed to co-defendant Shawna Kaulukukui 51.5 grams of methamphetamine. The methamphetamine was submitted for laboratory analysis which resulted in a positive finding for methamphetamine with a purity of 97%.

During the months of January and February 2005, Defendant distributed to co-defendant Michael Miyasato 17.8 grams of methamphetamine. The methamphetamine was submitted for laboratory analysis which resulted in a positive finding for methamphetamine with a purity ranging from 97% to 98%.

Defendant also admits that the $5,486 in U.S. currency seized on February 25, 2005, was property derived from the distribution of methamphetamine.

Defendant further admits that the $7,285 in U.S. currency seized on April 13, 2005, was property derived from the distribution of methamphetamine.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading

guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    A. <u>Factual stipulations</u>:

    (1) <u>Quantity and Identification of methamphetamine</u>:

The amount of methamphetamine that was seized from Defendant's co-conspirators and for which Defendant accepts responsibility is 95.7 grams of actual methamphetamine.

    B. <u>Prosecution recommendations</u>: In consideration of the totality of the circumstances, to include: 1) the information presently known to the prosecution, as of the date of the execution of this Agreement; 2) the sentences received by Defendants in other Indictments involved in "Operation Capsize"; and 3) Defendant's cooperation with the government in this case, the United States will jointly recommend with counsel for Defendant, that Defendant receive a sentence of confinement of 120 months.

    C. The United States Attorney agrees that

Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline 3E1.1(b)(2), if defendant is otherwise eligible.

D. With respect to paragraphs 9(B) and (C) above, the defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

E. In view of the aforesaid prosecution recommendations, defendant shall not file any downward departure motion in connection with his sentencing.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12.  The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.  The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.  If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the jointly recommended 120-month sentence, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c.  The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

13. The defendant understands that the District Court in imposing sentence will consult the provisions of the Sentencing Guidelines which are advisory.  Subject to the exceptions noted in the previous paragraph, the Defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the Defendant perceives to be an incorrect application of the Guidelines.  The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

14. The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1.  The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior

and accepting the agreement will not undermine the statutory purposes of sentencing.

15. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

   16. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

   17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation or joint recommendation as to sentencing between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations or joint recommendations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

20. The Defendant agrees that he will fully cooperate with the United States.

    a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

    b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and

complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

   c. Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Superseding Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

   d. Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

  21. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements, to include any statement in conjunction with his plea, including the memorandum of plea agreement and the colloquy with the court, in its case in chief in the trial of the Defendant in this matter.

  22. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the

Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for Count 1 on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

      a. The decision as to whether to make such a request or motion is entirely up to the prosecution, provided that in making such determination the prosecution shall act in good faith. Based on the cooperation of the Defendant through his counsel and the circumstances and facts now known to the prosecution as of the date of the execution of this Agreement, and if Defendant fully complies with the terms of this Agreement, it is the present intention of the prosecution to file a request or motion pursuant to Guideline Section 5K1.1 and Title 18, United States Code, Section 3553(e), and to recommend, in regard to incarceration, a sentence of not less than 120 months. Defendant understands that notwithstanding its present intentions, and still within this Agreement, the prosecution reserves the right to argue for an increased sentence in the

event of receipt of new material information relating to Defendant's culpability or criminal background and responsibility, or if the value of Defendant's cooperation varies significantly from the proffer.

       b.    Except as provided in subparagraph (a) above, this Agreement does not require the prosecution to make such a request or motion.

       c.    Except as provided in subparagraph (a) above, this Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

       d.    Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

//
//
//
//
//
//
//
//

DATED: Honolulu, Hawaii, __3/9/07_____.

AGREED:

_____  
EDWARD H. KUBO, JR.  
United States Attorney  
District of Hawaii  

_____  
KEITH SEICHI IMAI  
Defendant  

_____  
FLORENCE T. NAKAKUNI  
Chief, Narcotics Section  

_____  
MYLES BREINER, Esq.  
Attorney for Defendant  

_____  
CHRIS A. THOMAS  
Assistant U.S. Attorney  

16